UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS A. VALDIVIESO,

    Plaintiff,

v.                                               CASE NO. 8:17-cv-118-T-23JSS

CUSHMAN & WAKEFIELD, INC.,

    Defendant.
_____/

## ORDER

Cushman & Wakefield, Inc., terminated Luis Valdivieso's employment and provided Valdivieso with a "continuation coverage election notice" that informs him about COBRA. Valdivieso, who can read English but speaks Spanish as a native language, sues (Doc. 14) Cushman & Wakefield under ERISA and alleges three violations of COBRA's notice requirements. Cushman & Wakefield moves (Doc. 22) to dismiss the action under Rule 12(b)(6), Federal Rules of Civil Procedure.

## DISCUSSION

**1. 29 C.F.R. § 2590.606–4(b)(4)**

Valdivieso alleges a violation of Section 2590.606–4(b)(4), which requires the administrator of a group-health plan to provide a COBRA notice "written in a manner calculated to be understood by the average plan participant." The complaint alleges that the notice is not "written in a manner calculated to be understood by the average plan participant." (Doc. 14 at ¶ 20)

Under Rule 8(a), a complaint must include factual allegations sufficient to state a plausible claim for relief. A "threadbare recital of a cause of action" fails to comply with Rule 8(a). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although Valdivieso might not have understood the notice, the complaint suggests that Valdivieso — a 68-year old who "cannot read English very well" (Doc. 14 at ¶¶ 20–21) — is not an "average" plan participant. Supporting that conclusion, Valdivieso alleges that Cushman & Wakefield "failed to take into consideration the fact that these particular Qualified Beneficiaries, Plaintiff and his spouse, are 68 and 61 years-old before providing a notice typed in one of the smallest font sizes available in a second language." (Doc. 14 at ¶ 26) Insufficient facts support the conclusory statement that an "average" plan participant cannot understand the notice.

**2. 29 C.F.R. § 2590.606–4(b)(4)(viii)**

Under Section 2590.606–4(b)(4)(viii), a COBRA notice must include an "explanation of the maximum period for which continuation coverage will be available" and an "explanation of the continuation coverage termination date." Valdivieso alleges that Cushman & Wakefield violated the regulation by failing to include in the notice "the specific date coverage will end." (Doc. 14 at ¶ 31) Cushman & Wakefield responds that the notice need not specify the day on which coverage ends.

In a section titled "Duration of COBRA Coverage," the notice states that "coverage may generally last for up to 18 months."[*] (Doc. 14-2 at 14) Validivieso alleges that he cannot determine "whether this monthly coverage would end at the beginning or the end of the 18th month or whether it would end on whichever day was exactly 18 months in the future." (Doc. 14 at ¶ 35) Although the 18-month language satisfies the requirement that an employer include an "explanation of the maximum period for which continuation coverage will be available," the regulation's inclusion of the phrase "termination date" suggests that the employer must identify the day on which coverage ends. Valdivieso states a plausible claim for violation of 29 C.F.R. § 2590.606–4(b)(4)(viii).

Citing *Scott v. Suncoast Beverage Sales, Ltd.*, 295 F.3d 1223, 1230–31 (11th Cir. 2002), which suggests that an employer's good-faith attempt to comply with COBRA's notice requirements discharges the employer's notice obligation, Cushman & Wakefield argues that the notice permitted Valdivieso to "make an informed decision whether to elect coverage." (Doc. 22 at 5) COBRA requires an employer to notify, "in accordance with regulations prescribed by the Secretary," a qualifying beneficiary about the beneficiary's continuing eligibility for health care

---

[*] Under Rule 10(c), a "written instrument that is an exhibit to a pleading is a part of the pleading." *Garner's Dictionary of Legal Usage* equates "written instrument" with "instrument" and defines "instrument" as a "formal legal document that entails rights, duties, and liabilities." The notice, which describes Valdivieso's rights under COBRA, is an instrument and can contribute to the resolution of the motion to dismiss. Also, neither party disputes the authenticity of the notice, which is "central" to the plaintiff's claims. *See Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (holding that an indisputably-authentic document "central to the plaintiff's claim" warrants consideration in resolving a Rule 12(b)(6) motion).

under COBRA. 29 U.S.C. § 1166 (1997). Although COBRA contemplates a regulation that expounds the notice requirement, for several years after COBRA's passage the Secretary of Labor promulgated no notice regulation. Lacking regulatory guidance, employers "operate[d] in good[-]faith compliance with a reasonable interpretation of what adequate notice entails." *Degruise v. Sprint Corp.*, 279 F.3d 333, 336 (5th Cir. 2002) (Mills, J.) (internal quotation omitted); *accord Smith v. Rogers Galvanizing Co.*, 128 F.3d 1380, 1384 (10th Cir. 1997) (Briscoe, J.). In 2004, the Secretary of Labor promulgated a notice regulation, Section 2590.606–4, which includes no "good-faith" defense. Because a "good-faith" attempt to comply with the law no longer excuses an employer's purported breach of the notice requirement, the pre-2004 decisions are inapposite. *Griffin v. Neptune Tech. Grp.*, 2015 WL 1635939 at *10 (M.D. Ala. Apr. 13, 2015) (Thompson, J.) ("[N]ow that regulations have been promulgated, employers . . . must turn to them for guidance.").

**3. 29 C.F.R. § 2590.606–4(b)(4)(xii)**

The notice must include "the address to which payments should be sent." Valdivieso alleges that the notice fails to mention the address to which he must send payment. (Doc. 14 at ¶ 40) Rather than include an address to remit payment, the notice states that "monthly invoices will provide a remittance address" and that "[a]dditional information about payment will be provided to you after the election form is received." (Doc. 14-2 at 2–5) Cushman & Wakefield argues (Doc. 22 at 8) that the notice complies with the "model notice." 29 C.F.R. § 2590.606–4(g) states

- 4 -

that the "use of the model notice, appropriately modified and supplemented, will be deemed to satisfy the notice content requirements." Cushman & Wakefield's notice states:

> If you choose to elect COBRA coverage, you do not have to send any premium payment(s) with the COBRA Coverage Election Form. Additional information about payment will be provided to you after you make your election.

(Doc. 14-2 at 2–3) As Cushman & Wakefield correctly observes, the model notice includes the same language. (Doc. 14-1 at 4) But the model notice states:

> Your first payment and all periodic payments for continuation coverage should be sent to:
> [*enter appropriate payment address*]

(Doc. 14-1 at 8 (italics original)) Because Cushman & Wakefield's notice neither includes a payment address nor duplicates the model notice, Valdivieso states a plausible claim for violation of 29 C.F.R. § 2590.606–4(b)(4)(xii).

## 4. Failure to exhaust administrative remedies

Cushman & Wakefield requests dismissal because Valdivieso purportedly failed to exhaust administrative remedies and "has not alleged that he attempted to do so or that exhaustion would be futile." A plaintiff who sues under ERISA must exhaust an administrative remedy unless the remedy is "futile" or "inadequate." *Counts v. Am. Gen. Life and Ass. Ins. Co.*, 111 F.3d 105, 108 (11th Cir. 1997). In the class-action portion of the complaint, Valdivieso alleges that "[n]o administrative remedies exist as a prerequisite to Plaintiff's claim on behalf of the putative class." (Doc. 14 at ¶ 48) Although the evidence might reveal that Valdivieso failed to

exhaust an administrative remedy, the complaint states a plausible claim.  *See Iqbal*, 556 U.S. at 679 (explaining that an order resolving a motion to dismiss must assume the truth of the plaintiff's allegations).

## CONCLUSION

The motion (Doc. 22) to dismiss is **GRANTED-IN-PART** and **DENIED-IN-PART**.  Insufficient facts support the alleged violation 29 C.F.R. § 2590.606–4(b)(4), but the complaint states a claim for violations of 29 C.F.R. § 2590.606–4(b)(4)(viii) and (xii).  Valdivieso's request (Doc. 33 at 17) to amend the complaint is **GRANTED**.  No later than **JUNE 9, 2017**, Valdivieso may amend the complaint.  The motion (Doc. 36) to stay discovery and class certification until the disposition of the motion to dismiss is **DENIED AS MOOT**.  The motion (Doc. 37) for leave to reply to Valdivieso's response is **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on May 18, 2017.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE