UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS A VALDIVIESO,

    Plaintiff,

v.                                             Case No: 8:17-cv-118-T-23JSS

CUSHMAN & WAKEFIELD INC.,

    Defendant.
_____/

# **ORDER**

THIS MATTER is before the Court on the Joint Motion to Extend Deadline for Completing Mediation in Order to Conduct Limited Discovery and To Stay Pending Deadlines ("Motion"). (Dkt. 48.) For the reasons that follow, the Motion is granted in part and denied in part.

In May 2017, the Court dismissed one of Plaintiff's three claims against Defendant and permitted Plaintiff to amend his complaint no later than June 9, 2017. (Dkt. 39.) After entry of this order, the parties moved to stay all case deadlines pending a June 27, 2017 mediation. (Dkt. 40.) Construing the motion as a request for an extension of Plaintiff's deadline to amend his complaint and Defendant's deadline to respond to Plaintiff's motion for class certification, the Court ordered as follows:

> If the mediation results in an impasse, the plaintiff may amend the complaint no later than five days after the filing of the mediator's report. If the plaintiff declines to amend the complaint, the defendant may respond to the motion for class certification no later than ten days after the filing of the mediator's report.

(Dkt. 41.) Thus, the Court did not stay all case deadlines but instead extended two deadlines pending the outcome of the mediation: Plaintiff's deadline to amend his complaint and Defendant's deadline to respond to the class certification motion.

The parties' deadline to mediate was June 30, 2017. (Dkt. 19.) The Court granted the parties two brief extensions of the mediation deadline—first until July 6, 2017, and second until August 2, 2017—based on various scheduling issues among the parties and attorneys. (Dkts. 42–45.) In granting these extensions, the Court likewise extended Plaintiff's time to amend his complaint and Defendant's time to respond to the class certification motion, as was previously ordered. (Dkts. 43, 45.)

The parties mediated on August 2, 2017, and adjourned the mediation based on the following agreement:

> Interim Agreement:
> 1. The parties must know the size of the class to complete their settlement negotiations, but a third party possesses the information they need to determine the size of the class.
> 2. Defendant will attempt to obtain this information informally and provide it to Plaintiff within 45 days from August 2, 2017, failing which either party may issue a subpoena to the third party to obtain this information.
> 3. Because the case has been stayed, the parties will jointly move the Court to lift the stay for the limited purpose of subpoenaing the third party for this information, if that becomes necessary, but to otherwise leave the stay in place until the mediation is concluded.
> 4. The parties will resume the mediation after they obtain this information but no later than January 31, 2018.

(Dkt. 46.) After the mediation, Plaintiff notified the Court that he will not be amending his complaint. (Dkt. 47.)

In the Motion, the parties explain that to complete their settlement negotiations, they need information from a third party to ascertain the class size. (Dkt. 48.) The parties request leave to subpoena the third party if the third party does not voluntarily provide the information. (Dkt. 48 ¶¶ 1–3.) However, the parties do not need the Court's permission to conduct discovery. The parties must complete all discovery, nonetheless, by the January 15, 2018 discovery deadline. (Dkts. 15, 16.)

Next, the parties request that the Court stay the proceedings and extend the deadline to conduct the mediation until January 31, 2018. (Dkt. 48 ¶ 4.) Specifically, the parties make the following extension requests:

> (i) Defendant to respond to the Amended Complaint within 10 days of filing of the Mediator's final report;
> (ii) Defendant to respond to the pending motion for class certification within 30 days of filing of the Mediator's final report;
> (iii) disclosure of expert witnesses testimony on or before April 1, 2018;
> (iv) completion of discovery on or before May 31, 2018; and
> (v) submission of dispositive motions on or before June 15, 2018.

(*Id.*) The parties recognize that these extensions may impact the case being tried as scheduled in the August 2018 trial term. (*Id.*)

Scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quotation omitted). The Local Rules for the Middle District of Florida state that for cases designated as Track Two, such as this case (Dkt. 5), "[i]t is the goal of the court that a trial will be conducted . . . within two years after the filing of the complaint, and that most such cases will be tried within one year after the filing of the complaint." M.D. Fla. Local R. 3.05(c)(2)(E). Thus "[a] motion to amend any pleading or a motion for continuance of any pretrial conference, hearing, or trial is distinctly disfavored after entry of the Case Management and Scheduling Order." *Id.* More specifically, motions to stay discovery are disfavored because delays in discovery "can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citation omitted).

Here, the parties request that Defendants' deadlines to respond to the amended complaint and the class certification motion be stayed pending a mediation to occur by January 31, 2018, and

- 3 -

seek extensions of the discovery, expert disclosure, and dispositive motions deadlines until after the mediation occurs. (Dkt. 48 at 4.) Nothing, however, prevents the parties from propounding discovery from the third party to obtain the documents they need to continue settlement discussions. A stay of all case deadlines pending a mediation—proposed to take place up to five months away—and extension of the case deadlines until after the conclusion of the mediation is therefore not warranted. An extension of the deadline by which to mediate, however, is warranted because the parties adjourned the mediation based on their need to obtain more information. Therefore, the Court grants the parties' Motion only as to the deadline by which to mediate, which is extended until January 31, 2018. The Motion is denied in all other respects. Accordingly, it is

**ORDERED** that the Joint Motion to Extend Deadline for Completing Mediation in Order to Conduct Limited Discovery and To Stay Pending Deadlines (Dkt. 48) is **GRANTED** in part only as to extending the mediation deadline to January 31, 2018, and **DENIED** in all other respects. As previously ordered (Dkts. 41, 43, 45), Defendant shall answer Plaintiff's Amended Complaint (Dkt. 14) within fourteen days, Fed. R. Civ. P. 15(a)(3), and respond to the class certification motion (Dkt. 30) within ten days.

**DONE** and **ORDERED** in Tampa, Florida, on August 9, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record