# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CASE NO. 8:17-cv-00118-SDM-JSS

LUIS A. VALDIVIESO,

      Plaintiff,

v.

CUSHMAN & WAKEFIELD, INC.,

      Defendant.

_____/

## JOINT MOTION FOR PRELIMINARY APPROVAL
## OF CLASS ACTION SETTLEMENT AND MEMORANDUM OF LAW

Plaintiff, Luis A. Valdivieso, on behalf of himself and the putative class, and Defendant, Cushman & Wakefield, Inc. ("C&W), respectfully move this Court to enter an Order: (1) preliminarily approving the Parties' Class Action Settlement Agreement; (2) preliminarily certifying the proposed Settlement Class;[1] (3) designating Plaintiff as the representative of the Settlement Class and his attorneys as Class Counsel; (4) approving the form and manner of class notice; (5) authorizing the Settlement Administrator to disseminate a Notice of Settlement to the Settlement Class Members; (6) set a Deadline to Opt Out or Object and, (7) scheduling a final approval hearing, not to occur until at least one hundred eighty (180) days after the Court's Preliminary Approval Order. This motion is based upon the points and authorities cited in the Memorandum of Law set forth below.

_____

[1] Capitalized terms that are not otherwise defined herein shall have the same meaning and be defined as set forth in the Class Action Settlement Agreement and Release ("Settlement Agreement"), attached hereto as Ex. A.

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Preliminary Approval of Class Action Settlement

## MEMORANDUM OF LAW

### I.    Introduction.

At mediation, the Parties reached an agreement which will resolve Plaintiff's putative class action claims against C&W relating to the COBRA election notice received by Plaintiff and members of the putative class.

Under the terms of the Settlement Agreement, C&W and its then third party health care provider and such health care provider's outsourced third party COBRA administrator, collectively (the "Settlement Fund Payor"), will establish a common, fully-funded settlement fund of $390,000.00 for the benefit of the Settlement Class, which will be distributed to Settlement Class Members on an equal, *pro rata* basis after deduction of court-approved (1) attorneys' fees and expenses to be paid to Class Counsel, (2) costs of administration to be paid to the Settlement Administrator, and (3) service award to be paid to the Class Representative.

In addition, C&W will ensure that future COBRA notices sent on its behalf include a date certain on which the maximum period for which continuation coverage will terminate, if elected, and an address for payment of premiums, subject to any changes in the law.

For the reasons set forth below, the Settlement is fair, reasonable and adequate.  Among other things:

- The Settlement was vigorously negotiated at arm's length with the assistance of the court-appointed mediator, Brett J. Preston, Esq., during two separate mediations, with the final mediation being conducted only after the Parties exchanged class-wide discovery and fully briefed a motion for class certification;

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Preliminary Approval of Class Action Settlement

- Unclaimed settlement funds will not revert to Defendant.  The Settlement Agreement provides for unclaimed funds to be disseminated to a *cy pres* beneficiary, subject to Court approval;

- The Settlement provides for significant monetary and prospective relief that is well within the range of similar COBRA notice class action settlements;

- The Settlement is not contingent upon the Court's approval of Class Counsel's attorneys' fees or costs, or any service award to the named Plaintiff;[2]

- The Class Release in the Settlement Agreement is narrowly-tailored to apply only to claims like those asserted in the lawsuit;

- The Settlement Agreement provides for direct notice to Settlement Class Members via U.S. First-Class Mail;

- Settlement Class Members are not required to file claim forms in order to receive settlement checks, making this a "claims paid" settlement;

- The Settlement Fund created by Defendant will be a fully-funded common fund;

- The Settlement provides the opportunity for potential Settlement Class Members to opt-out or object to the Settlement within sixty (60) days of notice being mailed.

- If any Settlement Class Members fail to tender their Settlement Payment checks within the period provided in the Settlement Agreement, any funds remaining in the Settlement Account (after deduction for all Court approved deductions) will  revert and be paid exclusively to a *cy pres* beneficiary  upon Court approval.

---

[2] The Parties have agreed that Wenzel, Fenton, Cabassa, P.A. and Black Rock Trial Lawyers, PLLC shall serve as Class Counsel.  The Court has previously approved both firms to serve as class counsel in other class action cases.

Accordingly, the Parties respectfully request that the Court enter an order preliminarily approving the Settlement in the form of the Proposed Preliminary Approval Order (attached as Ex. B).

## II.    Background

### A.    Nature of Plaintiff's Claim.

Plaintiff, Luis A. Valdivieso, filed this action on January 17, 2017 on behalf of himself and other similarly-situated class members. (Doc. 1.)  On February 23, 2017, C&W filed a motion to dismiss the Complaint.  (Doc. 10.)  In response to the motion to dismiss, Plaintiff filed a First Amended Complaint ("Amended Complaint") on March 9, 2017.  (Doc. 14.)  In the original and First Amended Complaints, Plaintiff asserted claims on behalf of himself and a putative class against C&W under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), alleging that C&W violated the notice requirements of COBRA. In summary, Plaintiff alleges that C&W provided him and other class members with a deficient COBRA Notice that failed to comply with certain requirements of the regulations governing the terms to be included in an effective COBRA notice.  As a result, Plaintiff asserted that C&W's COBRA Notice did not adequately inform him how to exercise his right to elect COBRA coverage.

On April 10, 2017, C&W filed a motion to dismiss the Amended Complaint.  (Doc. 22.)  The Court entered an Order on April 18, 2017 (Doc. 39) granting the motion in part and leaving only two purported technical deficiencies at issue involving Plaintiff's assertion that the COBRA notice (i) failed to include a date certain on which continuation coverage would

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Preliminary Approval of Class Action Settlement

end eighteen months after initiation of coverage, and (ii) failed to include an address for payment of premiums.

### B.    Discovery and Motion for Class Certification.

On March 28, 2017, Plaintiff served C&W with a comprehensive set of written discovery requests (including interrogatories and requests for production), and C&W responded to those requests on November 5, 2015. In addition, Plaintiff served subpoenas for deposition *duces tecum* on C&W's then-third party health care provider and its outsourced third party COBRA administrator. In connection with their discovery responses, C&W, its third party health care provider and the outsourced third party COBRA administrator provided an extensive amount of information to Plaintiff regarding the number of persons who received the COBRA notice at issue in the lawsuit, including approximately 1,200 pages of documents, exemplars of its COBRA notices, relevant emails, and other materials.

Plaintiff took the depositions of corporate representatives of C&W and its third party health care provider. The outsourced third party COBRA administrator provided additional information by declaration.

After Plaintiff's counsel analyzed the information obtained through the depositions of the corporate representatives and the data produced by C&W, Plaintiff filed an Amended Motion for Class Certification on November 20, 2017 (Doc. 75). C&W filed its response in opposition to that motion on November 29, 2017 (Doc. 77). The fully-briefed motion for class certification remained pending during the second mediation at which the Parties reached the Settlement at issue.

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Preliminary Approval of Class Action Settlement

### C.    Mediation.

The Parties participated in a second mediation with Brett J. Preston, Esq. on January 30, 2018.  That mediation lasted a full day, with Mr. Preston serving as an intermediary between the Parties. At all times, the settlement discussions were conducted at arm's length and, in fact, the Parties and their respective counsel were never in the same room during negotiations.

At the conclusion of the mediation, the Parties reached an agreement in principle, and summarized the essential terms of their agreement in a written mediation settlement agreement. Following the second mediation, the Parties have worked cooperatively and diligently to prepare the comprehensive Settlement Agreement memorializing the terms agreed to at mediation.   The comprehensive Settlement Agreement is the subject of the present motion.

### III.    Overview of Settlement Terms.

### A.    Proposed Nationwide Settlement Class.

The Settlement Agreement calls for certification of a nationwide Settlement Class. The Settlement Class is defined as follows:

> All persons who were sent a COBRA Notice or should have been sent a COBRA Notice by or on behalf of C&W at any time from February 1, 2015 through December 31, 2016, excluding any individuals who timely file a valid written notice of intent to opt out of the Settlement.

(Settlement Agreement, ¶ 29.)[3]   According to the class data produced by or on behalf of C&W, there are approximately 2,351 potential members of the Settlement Class.

---

[3] The class period starts on February 1, 2015 because C&W has provided evidence that the COBRA notices it used prior to that date did not contain the deficiencies alleged in the Amended Complaint.   The class period

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Preliminary Approval of Class Action Settlement

### B.    The Settlement Agreement Provides for Significant Non-Monetary Relief.

C&W changed its third party COBRA administrator as of January 1, 2017, prior to

the filing of this Lawsuit.  Nonetheless, because of this lawsuit and the Settlement obtained,

C&W caused its current COBRA notice to be reviewed to ensure that the notice includes a

date certain on which the maximum period for which continuation coverage will terminate, if

elected, and an address for payment of premiums.  Subject to any changes in the law, C&W

will ensure that future COBRA notices sent on its behalf similarly include a date certain on

which the maximum period for which continuation coverage will terminate, if elected, and an

address for payment of premiums.

### C.    Monetary Relief.

In addition to the foregoing prospective relief, C&W, its then-third party health care

provider and its outsourced third party COBRA administrator have agreed to establish a

common fund of $390,000.00 to be funded by the Settlement Fund Payor, which will be used

to compensate Settlement Class Members and to pay the following, pursuant to Court order:

(1) attorneys' fees and costs awarded to Class Counsel, (2) administrative fees and expenses

to send out the Court-approved notices and to administer the Settlement, and (3) a class

representative service award. (Settlement Agreement, ¶ 37.) The net proceeds of the

Settlement Fund will be distributed evenly among all Settlement Class Members on a *pro*

*rata* basis. (Settlement Agreement, ¶¶ 35, 38.)  The Settlement Class Members will

automatically receive their *pro rata* share of the Settlement Fund without the need to fill out

or submit a claim form. (Settlement Agreement, ¶ 39.)  In other words, this will be a "claims

---

ends on December 31, 2016 because C&W changed its health care provider and the third party COBRA administrator as of January, 1, 2017 and no longer used the COBRA Notice at issue after that date.

paid" Settlement Fund. The Settlement Administrator will send a Settlement Payment by U.S. Mail to each Settlement Class Member. Potential class members who elect to opt-out of the Settlement may pursue all of their claims without release. (Settlement Agreement, ¶ 53.)

## D.    Release of Claims.

In exchange for the foregoing monetary and prospective relief, Settlement Class Members who do not opt out of the Settlement will release C&W, C&W's then-third party health care provider, and its outsourced third party COBRA administrator (and each of their affiliates, parent companies, subsidiaries, predecessors, successors, corporate family members, officers, directors, partners, employees, attorneys, agents, insurers, shareholders, representatives, trustees, principals, and assigns) from all claims asserted in Plaintiff's original and amended complaints and all other claims that arise out of or relate to the facts alleged in the complaints. (Settlement Agreement, ¶¶ 28, 48.). Settlement Class Members' claims, if any, which are unrelated to the facts and causes of action alleged in this Action are not released by the terms of the Settlement Agreement. Any potential Settlement Class Members who elect to opt-out of the Settlement are not bound by the Settlement Agreement nor the release, even though they may benefit from this Settlement because, at a minimum, they will have been informed of the alleged deficiencies in the COBRA Notice and of their right to participate in the Settlement. *Id.*

## E.    Notice of Settlement, Claims Process, and Settlement Administration

In the event that the Settlement is preliminarily approved by the Court, Settlement Class Members will be sent a Short Form Postcard Notice of Settlement via U.S. First-Class

Mail.[4] (Settlement Agreement, at Ex. C.)  The Short Form Postcard Notice will direct the Settlement Class Members to the Settlement Administrator's website which will provide a long form of the Notice of Settlement, along with other pertinent documents (attached as Ex. C).  This long form or comprehensive Notice that will be available on the Settlement Administrator's website will include, among other things: (1) a summary of the lawsuit; (2) a clear definition of the Settlement Class; (3) a description of the material terms of the Settlement; (4)  a disclosure of the release of claims; (5) an explanation of Settlement Class Members' opt-out rights, a date by which Settlement Class Members must opt out, and information regarding how to do so; (6) instructions as to how to object to the Settlement and a date by which Settlement Class members must object; (7) the date, time, and location of the final approval hearing; (8) the toll-free number from which Settlement Class Members may obtain additional information about the Settlement; (9) contact information for the Settlement Administrator; and (10) the amount that Class Counsel may seek in attorneys' fees and expenses, as well as the proposed service award for the Plaintiff as Class Representative. Settlement Class Members will have 60 days from the date that the Short Form Notice of Settlement is mailed to opt out of the Settlement or object to the Settlement. (Settlement Agreement, ¶¶ 17, 53-54.)  The Settlement Administrator's website will allow Settlement Class Members who would like further information to download copies of the First Amended Complaint, Settlement Agreement, settlement approval motion papers, and motion papers in support of the requested attorneys' fees, administrative expenses, and class representative

---

[4] The Notice of Settlement will be sent to Settlement Class Members' addresses as they are maintained by C&W's third-party COBRA administrator, subject to updating by cross-referencing the National Change of Address Database. In the event that a Notice is returned as undeliverable with a forwarding address, it will be forwarded to that address. If a Notice is returned without a forwarding address, the Settlement Administrator or Class Counsel will make reasonable efforts to obtain a valid address for the Settlement Class Member, and mail the Notice to the updated address. (Settlement Agreement, ¶ 49.).

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Preliminary Approval of Class Action Settlement

service award. In addition, there will be a toll-free number that Settlement Class Members

may call for more information about the Settlement.

> ### F.    Attorneys' Fees/Costs, Class Representative Award, and Cost of Administration.

The Settlement provides that Class Counsel will file a motion for attorneys' fees and

expenses pursuant to Fed. R. Civ. P. 23(h), at least ten (10) days before the Final Approval

Hearing.   (Settlement Agreement, ¶ 43.)   As explained in the Notice of Settlement, Class

Counsel will seek an award of attorneys' fees of no more than Thirty-Three and One-Third

Percent (33.33%) of the Settlement Fund, plus Class Counsel's costs and expenses.   *Id*. In

addition, the Settlement provides that a service award of up to $10,000 may be sought for the

Plaintiff, subject to the Court's approval. *Id.* at ¶ 47.

Court-approved costs and fees of the Settlement Administrator will be paid from the

Settlement Fund.

### IV.    The Proposed Class Settlement Satisfies Rule 23's Standards for Preliminary Approval.

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval of any

settlement agreement that will bind absent class members. This involves a two-step process.

*Smith v. Wm. Wrigley Jr. Co.*, 2010 U.S. Dist. LEXIS 67832, at *5 (S.D. Fla. June 15, 2010);

*Holman v. Student Loan Xpress. Inc.*, 2009 U.S. Dist. LEXIS 113491, at *7 (M.D. Fla. Nov.

19, 2009); Manual For Complex Litigation § 21.632 (4th ed. 2006). "In the first step of the

process, a court should make a preliminary evaluation of the fairness of the settlement before

directing that notice be given to the settlement class." *Smith*, 2010 U.S. Dist. LEXIS at *5-6.

Second, following preliminary approval of the settlement, class members are provided notice

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Preliminary Approval of Class Action Settlement

of a formal fairness hearing, at which time arguments and evidence may be presented in support of, or in opposition to, the settlement. *Id.*

The decision whether to approve a proposed class action settlement is "committed to the sound discretion of the district court." *In re U.S. Oil & Gas Litig.,* 967 F.2d 489, 493 (11th Cir. 1992). In exercising this discretion, courts are mindful of the "strong judicial policy favoring settlement," as well as "the realization that compromise is the essence of settlement." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). "Settlement agreements are highly favored in the law and will be upheld whenever possible because they are a means of amicably resolving doubts and uncertainties and preventing lawsuits." *Pierre-Val v. Buccaneers Ltd. Partn.*, 2015 U.S. Dist. LEXIS 81518 at *2-3 (M.D. Fla. June 17, 2015) (quoting *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1105 (5th Cir.1977)). Indeed, the policy favoring settlement is especially relevant in the class action context, where the inherent costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit that the class could hope to obtain. *See, e.g., Ass'n for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 466 (S.D. Fla. 2002) ("There is an overriding public interest in favor of settlement, particularly in class actions that have the well-deserved reputation as being most complex." (citation omitted)); *Pierre-Val*, 2015 U.S. Dist. LEXIS at *2 ("courts should give weight to the parties' consensual decision to settle class action cases, because they and their counsel are in unique positions to assess the potential risks").

At the final approval stage, the Eleventh Circuit has identified six factors that courts should consider in analyzing the fairness, reasonableness, and adequacy of a class action settlement under Rule 23(e):

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Preliminary Approval of Class Action Settlement

    (1)    the likelihood of success at trial;

    (2)    the range of possible recovery;

    (3)    the point on or below the range of possible recovery at which a settlement is

fair, adequate and reasonable;

    (4)    the complexity, expense and duration of litigation;

    (5)    the substance and amount of opposition to the settlement; and,

    (6)    the stage of proceedings at which the settlement was achieved.

*In re CP Ships Ltd. Sec. Litig.*, 578 F.3d 1306, 1318 (11th Cir. 2009); *see also Lipuma v. Am.*

*Express Co.*, 406 F. Supp. 2d 1298, 1315 (S.D. Fla. 2005). At the preliminary approval stage,

however, the Court is not required to answer the ultimate question of whether the settlement

is fair, reasonable, and adequate. *See* 5 <u>Moore's Federal Practice</u> § 23.83[a], at 23-336.2 to

23-339.   Rather, the Court simply makes an initial determination concerning whether the

settlement "appears to fall within the range of possible approval[.]" *Pierre-Val*, 2015 U.S.

Dist. LEXIS at *3 (quoting <u>Newberg on Class Actions</u> at § 11.25). Thus, "[p]reliminary

approval is appropriate where the proposed settlement is the result of the parties' good faith

negotiations, there are no obvious deficiencies and the settlement falls within the range of

reason." *Smith*, 2010 U.S. Dist. LEXIS, at *7. This standard is satisfied here and the Court

should enter an order preliminarily approving the Class Action Settlement Agreement.

      **A.**      **The Settlement Is the Product of Arm's Length Negotiations**
                  **Between Experienced Counsel Before a Neutral Mediator and Satisfies**
                  **the Procedural Component for Preliminary Approval.**

      As an initial matter, the proposed Settlement is the product of arm's length

negotiations that were overseen by an experienced and impartial mediator who was selected

and appointed by the Court.  (Doc. 19.)  This fact alone weighs in favor of approval.  *See*

*Perez v. Asurion Corp.,* 501 F. Supp. 2d 1360, 1384 (S.D. Fla. 2007) (concluding that class settlement was not collusive in part because it was overseen by "an experienced and well-respected mediator").

Moreover, the counsel involved in the negotiations are experienced in handling class action litigation and complex litigation, and are clearly capable of assessing the strengths and weaknesses of their respective positions. *See generally* Declarations of Luis A. Cabassa, Esquire (attached as Ex. D), Brandon J. Hill, Esquire (attached as Ex. E), and Chad A. Justice, Esquire (attached as Ex. F); *see also Pierre-Val,* 2015 U.S. Dist. LEXIS at *2 ("courts should give weight to the parties' consensual decision to settle class action cases, because they and their counsel are in unique positions to assess the potential risks"). Where there "is no evidence of any kind that the parties or their counsel have colluded or otherwise acted in bad faith in arriving at the terms of the proposed settlement … counsel's informed recommendation of the agreement is persuasive that approval is appropriate." *Strube v. American Equity Inv. Life Ins. Co.*, 226 F.R.D. 696, 703 (M.D. Fla. 2005).

The proposed Settlement, and the record in this case, show that the Settlement Agreement was the product of extensive and detailed arm's-length, and at times contentious, negotiations between the Parties and their counsel. The Parties participated in mediation with Mr. Preston on two separate dates, at great expense to both sides and with no promise Plaintiff's counsel would ever recover anything at all. The Parties conducted class discovery and spent a significant amount of time briefing Plaintiff's Motion for Class Certification. The Parties and counsel were well-informed of the potential strengths and weaknesses of their positions and conducted good faith negotiations in an effort to avoid costly and

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Preliminary Approval of Class Action Settlement

protracted litigation. Attorneys' fees were not discussed until the class members' recovery was decided upon.

**B.    The Case Is Ripe for Settlement at this Stage of the Proceedings.**

The case is also ripe for settlement at this stage of the proceedings. First, the Parties engaged in adversarial litigation for months, and had the benefit of the Court's ruling on the motion to dismiss. Second, C&W provided substantial discovery to Plaintiff's counsel (including both relevant documents and class data) and Plaintiff's counsel deposed several witnesses in advance of the second mediation, which allowed Plaintiff's counsel to negotiate on an informed basis. Finally, those negotiations took place at an appropriate time. The Court initially ordered that the Parties participate in mediation no later than June 30, 2017. (Doc. 19.) When the Parties sought an extension of that deadline, the Court granted them until August 2, 2017 to participate in mediation. (Doc. 45.) The Parties attended mediation on August 2, 2017, but determined that they needed additional information and sought to adjourn the first mediation. The Court then entered an order requiring them to complete the mediation by January 31, 2018. (Doc. 49.) It was during the continuation of mediation on January 30, 2018, after obtaining additional discovery, that the Parties were able to reach an agreement.

**C.    The Settlement Provides Significant Relief to Class Members.**

As detailed above, the Settlement will provide substantial relief to Settlement Class Members. The Settlement requires the Settlement Fund Payor to pay $390,000.00 into a Settlement Account to resolve the claims at issue. This represents a gross recovery of approximately $166.00 per Settlement Class Member ($390,000 ÷ 2,351 = $165.89), which is approximately 150% of the $110 statutory penalty that may be awarded for violations of

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Preliminary Approval of Class Action Settlement

COBRA's notice requirements under 29 C.F.R. § 2575.502c-1. This falls well within the range of reasonableness for settlement purposes. *See, e.g.*, *Gilbert v. SunTrust Banks, Inc.*, Case No. 9:15-80415-Civ-Brannon (S.D. Fla. July 29, 2016) (court approved settlement in similar COBRA notice case in which each class member's gross recovery was only $32.22) (not published). All Settlement Class Members (who do not intentionally opt-out) will share in the recovery, as they do not need to file a claim form in order to receive a settlement payment.

Moreover, there is a risk that Plaintiff could recover nothing even if the Court were to determine that the COBRA Notice at issue had a technical deficiency. *See, e.g.*, *Ctr. for Orthopedics & Sports Med. v. Horizon*, 2015 U.S. Dist. LEXIS 133763, *16 (D.N.J. Sept. 30, 2015) (court did not impose statutory penalty because administrator did not act in bad faith); *Cole v. Trinity Health Corp.*, 2014 U.S. Dist. LEXIS 7047, *22 (N.D. Iowa Jan. 21, 2014) *aff'd* 774 F.3d 423 (8th Cir. 2014) (court did not award statutory penalty even though administrator did not send COBRA notice to plaintiff because administrator acted in good faith and plaintiff suffered no damages); *Gómez v. St. Vincent Health, Inc.*, 649 F.3d 583, 590-91 (7th Cir. 2011), as modified (Sept. 22, 2011) (affirming district court's decision to decline to award statutory penalties where plan participants were not "significantly prejudiced by the delay in notification."); *Jordan v. Tyson Foods, Inc.*, 312 F. App'x 726, 736 (6th Cir. 2008) (affirming district court's decision to decline to award statutory penalties where counsel for the plan participant "was not able to articulate any appreciable harm" from the failure to provide notice).

In addition, the Settlement provides prospective relief. Specifically, C&W has agreed to ensure that future COBRA notices sent on its behalf will include a date certain on which

the maximum period for which continuation coverage will terminate, if elected, and an address for payment of premiums, subject to any changes in the law. Accordingly, the negotiated relief is more than adequate, and should be approved.

> **D.    Plaintiff and the Settlement Class Would Face Significant Risks in the Absence of a Settlement.**

If Plaintiff had chosen to continue to litigate his claims, a successful outcome was not guaranteed. As discussed below, Plaintiff faced significant risks with respect to liability, damages, and certification of a litigation class.

First, with respect to liability, the Court's ruling on the motion to dismiss was not dispositive of the case.    Important issues remained to be decided upon the evidence presented.    The Court did not have before it (and therefore did not consider) any of the information produced in discovery or the information available to Plaintiff which C&W contends supplemented its COBRA Notice and was sufficient for purposes of COBRA.[5]

Second, with respect to damages, the pertinent regulations provide for a maximum statutory penalty of $110 per day, but no minimum penalty. *See* 29 C.F.R. § 2575.502c-1. Whether or not to award statutory penalties is left completely within the discretion of the court. *See Scott v. Suncoast Beverage Sales, Ltd.,* 295 F.3d 1223, 1232 (11th Cir. 2002). In other words, even if Plaintiff was able to prove that C&W violated the COBRA-notice regulation, Plaintiff and Settlement Class Members may have recovered only nominal damages, or even nothing at all. (*See* Section IV.C, *supra,* at 14-15.)

Finally, Plaintiff would have faced risks on class certification as well.   (See, Defendant's Response in Opposition to Plaintiff's Motion for Class Certification, Doc. 77.)

---

[5] The COBRA Notice at issue provided contact information including a customer service toll-free telephone number.

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Preliminary Approval of Class Action Settlement

In certain cases involving deficient COBRA notices, class certification has been denied. *See,*
*e.g., Brown-Pfifer v. St. Vincent Health, Inc.,* 2007 U.S. Dist. LEXIS 69930, at *26 (S.D. Ind.
Sept. 20, 2007); *Kane v. United Indep. Union Welfare Fund,* 1998 U.S. Dist. LEXIS, at *19
(E.D. Pa. Feb. 24, 1998). Thus, it was not guaranteed that the Court would have certified a
class on the basis of the contested motion for class certification and the response in
opposition thereto in this case.

To avoid the foregoing risks, it was reasonable for Plaintiff to settle the case at this
juncture, in order to assure class-wide monetary and prospective relief for members of the
Settlement Class.    *See, Bennett v. Behring Corp.,* 76 F.R.D. 343, 349-50 (S.D. Fla. 1982)
(stating that it would have been "unwise [for plaintiffs] to risk the substantial benefits which
the settlement confers … to the vagaries of a trial"), *aff'd,* 737 F.2d 982 (11th Cir. 1984).

### E.    The Settlement Will Avoid a Complex, Expensive, and Prolonged Legal Battle Between the Parties.

Aside from the risks of litigation, continuing the litigation would have resulted in
complex, costly, and lengthy proceedings before this Court and likely the Eleventh Circuit,
which would have significantly delayed relief to Settlement Class Members (at best), and
might have resulted in no relief at all. In the absence of a settlement, Plaintiff would have had
to take additional depositions, appear for his own deposition, engage in additional class
certification motion practice, engage in summary judgment motion practice, prepare for trial,
and present his case at a trial on the merits. The costs associated with these litigation
activities would have been significant. Moreover, even if Plaintiff had won certification of a
class and litigated the class claims to a successful conclusion, it is likely that C&W would
have appealed any judgment entered against it, resulting in further expense and delay.

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Preliminary Approval of Class Action Settlement

Complex litigation such as this "can occupy a court's docket for years on end, depleting the resources of the parties and taxpayers while rendering meaningful relief increasingly elusive." *In re U.S. Oil & Gas Litig.,* 967 F.2d at 493. By entering into a settlement now, Plaintiff saved precious time and costs, and avoided the risks associated with further litigation.

### F.  Plaintiff and His Counsel Support the Settlement.

Both Plaintiff and his counsel support the proposed settlement.  By signing the Agreement and as set forth in his declaration (attached as Ex. G), Plaintiff has unequivocally demonstrated his support of the terms of the Settlement, and his attorneys have each submitted declarations demonstrating their support for the Settlement.  Plaintiff's and his counsel's approval of the Settlement supports granting preliminary approval of the proposed settlement in this case. *See Warren,* 693 F. Supp. at 1060 (court should give "great weight" to the recommendations of counsel, given their experience in class action litigation); *In re BankAmerica Corp. Secs. Litig.,* 210 F.R.D. 694, 702 (E.D. Mo. 2002). There is no reason to believe that absent Settlement Class Members will view the Settlement differently than Plaintiff and his counsel, and even if isolated potential class members are not fully satisfied with the Settlement terms after receiving a Notice of Settlement, they will have the opportunity to opt out or object.

### V.  **The Proposed Notice of Settlement Is Reasonable.**

In addition to reviewing the substance of the parties' Settlement Agreement, the Court must ensure that notice is sent in a reasonable manner to all Settlement Class Members who would be bound by the proposed settlement. Fed. R. Civ. P. 23(e)(1). The "best notice" practicable under the circumstances includes individual notice to all potential class members

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Preliminary Approval of Class Action Settlement

who can be identified through reasonable effort. Fed. R. Civ. P. 23(c)(2)(B). That is precisely the type of notice contemplated here.

Under the Settlement, each member of the Settlement Class will be sent a Short Form Postcard Notice of the proposed settlement via U.S. First-Class Mail, informing them of the terms of the Settlement and their right to opt-out or object.   The Short Form Notice will direct the Settlement Class Members to the Settlement Administrator's website where additional information will be provided.  (*See* Settlement Agreement, at Ex. C.)

The content of the long form of the Notice is also reasonable and appropriate. Under Rule 23(c)(2)(B), the notice must clearly and concisely state:

(i) the nature of the action;

(ii) the definition of the class certified;

(iii) the class claims, issues, or defenses;

(iv) that a class member may enter an appearance through an attorney if the member so desires;

(v) that the court will exclude from the class any member who requests exclusion;

(vi) the time and manner for requesting exclusion; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

The proposed Notice of Settlement includes all of this information.  (*See* Ex. C.) In addition, the Notice of Settlement clearly spells out the terms of the proposed Settlement, provides a website address where class members can obtain a copy of the Settlement Agreement and other relevant documents, and includes a phone number that class members may call if they have any questions. Accordingly, this Court should approve both the Short Form Postcard

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Preliminary Approval of Class Action Settlement

Notice and the long form Notice of Settlement, as both the contents of the notices and the methods of dissemination are reasonable.

**VI.    Certification of the Settlement Class Is Appropriate.**

In addition to approving the proposed Settlement and Notice of Settlement, this Court should certify the proposed Settlement Class for settlement purposes, only. "A class may be certified solely for the purposes of settlement where a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.,* 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks and citation omitted). Whether to certify a class action rests within the sound discretion of the district court. *Cooper v. Southern Co.,* 390 F.3d 695, 711 (11th Cir. 2004). However, in the context of a settlement, class certification is more easily attained because the court need not inquire whether a trial of the action would be manageable on a class-wide basis. *See Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems … for the proposal is that there be no trial."). Thus, "[t]he requirements for class certification are more readily satisfied in the settlement context than when a class has been proposed for the actual conduct of the litigation." *White v. Nat'l Football League,* 822 F. Supp. 1389, 1402 (D. Minn. 1993) (citations omitted); *see also Horton v. Metropolitan Life Ins. Co.,* 1994 U.S. Dist. LEXIS 21395, at *15 (M.D. Fla. Oct. 25, 1994).

**A.    The Requirements of Rule 23(a) are Met.**

Rule 23(a) sets forth four prerequisites for class certification: numerosity, commonality, typicality, and adequacy of representation. *See* Fed. R. Civ. P. 23(a). Plaintiff has satisfied all four requirements as set forth below.

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Preliminary Approval of Class Action Settlement

### 1.   Numerosity

Rule 23(a)(1) requires Plaintiff to show that the number of persons in the proposed class is so numerous that joinder of all class members would be impracticable. Here, there are approximately 2,351 members of the proposed Settlement Class. Thus, the numerosity standard is easily satisfied. *See Williams v. Wells Fargo Bank, N.A.,* 280 F.R.D. 665, 671-72 (S.D. Fla. 2012) ("a class size of more than forty is adequate").

### 2.   Commonality

Rule 23(a)(2) requires the existence of "questions of law or fact common to the class." In order to satisfy this requirement, there must be "at least one issue whose resolution will affect all or a significant number of the putative class members." *Williams v. Mowhawk Indus., Inc.,* 568 F.3d 1350, 1355 (11th Cir. 2009) (internal quotation marks and citation omitted).

"The commonality element is generally satisfied when a plaintiff alleges that defendants have engaged in a standardized course of conduct that affects all class members." *In re Checking Account Overdraft Litig.,* 275 F.R.D. 666, 673 (S.D. Fla. 2011) (internal brackets and quotations marks omitted). Here, there are common issues regarding (among other things): (1) whether C&W violated COBRA's notice requirements; (2) whether any such violation was willful or the result of bad faith; and (3) whether and to what extent statutory penalties are appropriate. These common issues support certification of the proposed Settlement Class for settlement purposes only. *See Pierce v. Visteon Corp.,* 2006 U.S. Dist. LEXIS 98847, at *12 (S.D. Ind. Sept. 14, 2006) (holding there was commonality where plaintiff challenged defendants' COBRA notice practices "as applied to the entire class"); *Hornsby v. Macon Cty. Greyhound Park, Inc.,* 2013 U.S. Dist LEXIS 6235, at *5

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Preliminary Approval of Class Action Settlement

(M.D. Ala. Jan. 16, 2013) (finding commonality satisfied and certifying COBRA notice class for settlement purposes).

### 3. Typicality

The typicality requirement "tend[s] to merge" with the commonality requirement. *Gen. Tel. Co. of the S.W. v. Falcon,* 457 U.S. 147, 157 n.13 (1982); *see also In re Checking Account Overdraft Litig.,* 275 F.R.D. at *3 n.8 (citation omitted). Typicality is satisfied where the named plaintiff's claims "arise from the same event or pattern or practice and are based on the same legal theory" as the claims of the class. *Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1337 (11th Cir. 1984).

Here, Plaintiff is typical of the Settlement Class that he seeks to represent, as he received the same COBRA notice as the putative class members and their claims stem from that COBRA notice. Accordingly, Rule 23(a)(3) is also satisfied. *See Pierce,* 2006 U.S. Dist. LEXIS 98847, at *13 (typicality met where "[a]ll of the class claims stem from Defendants' alleged failure to provide COBRA notices pursuant to the dictates of 29 U.S.C. § 1166, a common course of conduct, and are based upon the same legal theory").

### 4. Adequacy

The requirement of adequate representation addresses two issues: (1) whether plaintiff's counsel are qualified, experienced, and generally able to conduct the proposed litigation; and (2) whether the named plaintiff has interests antagonistic to those of the rest of the class. *Williams,* 280 F.R.D. at 673. Here, Plaintiff's counsel have extensive experience litigating other class action cases. *See generally* Cabassa Decla. (Ex. D), Hill Decla. (Ex. E), and Justice Decla. (Ex. F).

22

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Preliminary Approval of Class Action Settlement

Moreover, "[t]here is nothing to indicate that [Plaintiff's] interests are in conflict with any members of the class." *Brand v. Nat'l Bank of Commerce,* 213 F.3d 636 (5th Cir. 2000). To the contrary, Plaintiff "shares common interests with the class members and seek[s] the same type of relief[.]" *In re Checking Account Overdraft Litig.,* 275 F.R.D. at *7. *See also* Valdivieso Decla. (Ex. G). Accordingly, the adequacy requirement is also met.

### B.    The Requirements of Rule 23(b)(3) are Met.

In addition to satisfying Rule 23(a), parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3). *Amchem,* 521 U.S. at 623. Here, Plaintiff seeks certification under Rule 23(b)(3), which allows a class action to be maintained if: (1) questions of law or fact common to the class members predominate over any questions affecting only individual members; and (2) a class action is superior to other methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). Both of these criteria are satisfied here.

#### 1.    Predominance

The predominance requirement of Rule 23(b)(3) requires that "[c]ommon issues of fact and law ... have a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs.,* Inc., 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks omitted). This requirement is "readily met" in consumer cases. *Amchem,* 521 U.S. at 624.

In the present case, the common questions identified above predominate over any individualized issues. The central issues revolve around a standardized COBRA notice that was common to all Settlement Class Members, whether that notice complied with applicable

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Preliminary Approval of Class Action Settlement

regulations, and whether C&W should be required to pay statutory penalties for utilizing that notice. In other, similar cases involving COBRA notices, courts have found that common issues predominated. *See, e.g., Slipchenko v. Brunel Energy, Inc.,* 2013 U.S. Dist. LEXIS 124159 (S.D. Tex. Aug. 30, 2013).

2.    **Superiority**

The superiority requirement is also met. Resolving Settlement Class Members' claims together in a class action is vastly superior to leaving each of them to fend for themselves. Many Settlement Class Members who received C&W's COBRA Notice are likely not even aware that their rights may have been violated, and are therefore unlikely to prosecute individual claims. *See Ramirez v. Palisades Collection LLC,* 250 F.R.D. 366, 374 (N.D. Ill. 2008) (finding class action superior method of litigation where class members might not be aware that they have legal claims). Moreover, given the relatively small size of the claims at stake (involving discretionary statutory penalties), it is unlikely that class members would have sufficient incentive to bring their claims on an individual basis. *See In re Checking Account Overdraft Litig.,* 307 F.R.D. 630, 649 (S.D. Fla. 2015) ("The class action fills an essential role when the plaintiffs would not have the incentive or resources to prosecute relatively small claims in individual suits, leaving the defendant free from legal accountability). Moreover, even if Settlement Class Members were able to individually prosecute their claims, "[s]eparate actions by each of the class members would be repetitive, wasteful, and an extraordinary burden on the courts." *Kennedy v. Tallant,* 710 F.2d 711, 718 (11th Cir. 1983). Thus, a class action is superior to other available methods for fairly and efficiently adjudicating this dispute.

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Preliminary Approval of Class Action Settlement

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court enter their proposed Preliminary Approval Order and thereby (a) certify the Settlement Class for settlement purposes only; (b) appoint Plaintiff as the Class Representative and Plaintiff's counsel as Class Counsel for settlement purposes; (c) authorize distribution of the Notice of Settlement to the Settlement Class; (d) set a Deadline to Opt Out or Object; and (e) set a date for a Final Approval Hearing, not to occur until at least one hundred eighty (180) days after the Court's Preliminary Approval Order.

Respectfully submitted,

WENZEL FENTON CABASSA, P.A.

/s/ Brandon J. Hill
Brandon J. Hill, Esq.
Florida Bar No: 37061
Direct No.: 813-337-7992
Email: bhill@wfclaw.com
Luis A. Cabassa, Esq.
Florida Bar Number: 0053643
Direct No.: 813-379-2565
Email: lcabassa@wfclaw.com
1110 N. Florida Ave., Suite 300
Tampa, FL 33602
Main No.: 813-224-0431
Email: twells@wfclaw.com
Email: mk@wfclaw.com

and

BLACK ROCK TRIAL LAWYERS, PLLC

/s/ Chad A. Justice
Chad A. Justice, Esq.
Florida Bar No: 121559
Direct No. 813-254-1777x106
201 S Westland Ave.

FORD & HARRISON, LLP

/s/ Merry E. Lindberg
Merry E. Lindberg, Esq.
Florida Bar No. 308102
1450 Centrepark Blvd., Suite 325
West Palm Beach, FL 33401
Telephone: (561) 345-7505
Email: mlindberg@fordharrison.com

and

Todd S. Aidman, Esq.
Florida Bar No. 173029
101 E. Kennedy Boulevard, Suite 900
Tampa, Florida 33602
Telephone: (813) 261-7800
Email: taidman@fordharrison.com

*Attorneys for Defendant*

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Preliminary Approval of Class Action Settlement

Tampa, FL 33606
Main No.: 813-254-1777
chadjustice@blackrocklaw.com
prelitigation@blackrocklaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 10, 2018, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system which will send a notice of electronic

filing to the following service list:

Brandon J. Hill, Esq.
Wenzel Fenton Cabassa, P.A.
1110 N. Florida Ave., Suite 300
Tampa, FL  33602-3343

Luis A. Cabassa
Wenzel Fenton Cabassa, P.A.
1110 N. Florida Ave., Suite 300
Tampa, FL  33602-3343

Chad A. Justice
Black Rock Trial Lawyers, PLLC
201 S. Westland Ave.
Tampa, FL 33606

/s/ Merry E. Lindberg
Merry E. Lindberg, Esq.
Florida Bar No. 308102