UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS A. VALDIVIESO,

    Plaintiff,

v.                                      CASE NO. 8:17-cv-118-T-23JSS

CUSHMAN & WAKEFIELD INC.,

    Defendant.
_____/

**ORDER**

    Luis Valdivieso sues (Doc. 14) Cushman & Wakefield for violating COBRA's notice requirements.  According to Valdivieso, the notice mailed to former employees fails to specify the day on which COBRA coverage ends and fails to include the address to which a person who elects COBRA coverage must remit the COBRA insurance premium.  The parties move (Doc. 88) for certification of a settlement-only class, for preliminary approval of the settlement, for appointment of class counsel, and for approval of the class notice.  Under the settlement, Cushman & Wakefield will establish a $390,000 "settlement fund."  After accounting for an attorney's fee, reasonable expenses, and an incentive award for Valdivieso, each class member likely will receive about $100.

## DISCUSSION

**1. Class certification**

The parties propose a class comprising:

> All persons who were sent a COBRA Notice or should have been sent a COBRA notice by or on behalf of C&W at any time from February 1, 2015 through December 31, 2016, excluding any individuals who timely file a valid written notice of intent to opt out of the Settlement.

(Doc. 88 at 6) The proposed class satisfies the requirements of Rule 23(a), Federal Rules of Civil Procedure. The class includes at least 2,300 people, and each proposed class member received or should have received the notice over which Valdivieso sues. Valdivieso's claims in this action appear typical of the claims of other class members, and nothing in the record suggests that Valdivieso will not fairly and adequately protect the interests of the class members.

Also, common questions of law and fact predominate over individualized questions. Cushman & Wakefield or its agent sent the same notice to every class member, and each notice suffers from the same alleged defects. In this instance, a class action preempts hundreds (or thousands) of trials over the same legal and factual questions. The settlement-only class satisfies Rule 23(b)(3) and avoids the prospect of "intractable management problems." *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997).

**2. Preliminary approval**

If fair, adequate, and reasonable, a class-action settlement merits preliminary approval. *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984) (identifying

considerations pertinent to the fairness of a proposed settlement). Also, the settlement must not result from collusion between the parties or the counsel. *Bennett*, 737 F.2d at 986. Brett Preston, a mediator certified in the Middle District of Florida, mediated this action twice, and the record shows no evidence of collusion.

Under the settlement, each class member likely will receive about $100. In an action over an allegedly defective COBRA notice, a plaintiff often receives a nominal sum. If the defect in a COBRA notice is merely "technical," a plaintiff might recover no damages. (Doc. 88 at 14–15, which collects decisions) Also, Cushman & Wakefield asserts as a defense that each class member received notice of both the termination date for COBRA coverage and the address to which a class member could remit a COBRA payment. Cushman & Wakefield's success on that defense would result in class members' recovering no money. The product of more than eight months of discovery (including several depositions by the plaintiff's counsel), the settlement will avoid protracted litigation. The parties agree that, "even if [Valdivieso] had won certification of a class and litigated the class claims to a successful conclusion, it is likely that [Cushman & Wakefield] would have appealed any judgment entered against it, resulting in further delay and expensive." (Doc. 88 at 17) In this circumstance, the settlement appears to resolve this action fairly, adequately, and reasonably.

Additionally, the parties request the appointment of Luis A. Cabassa, Brandon J. Hill, and Chad A. Justice, each of whom has served as class counsel in other

actions, to represent the class in this action. Because the counsel appear capable of adequately protecting the class, the request warrants granting. Cabassa, Hill, and Justice are appointed class counsel. Also, American Legal Claim Services, LLC, is appointed the class administrator.

**3. Class notice**

The parties propose mailing a "short form" notice (Doc. 88-1 at 57–58) to each class member. The notice describes the action (including the claims and defenses), defines the class, and explains that a class member may appear through counsel other than class counsel and may "opt out" of the class.

Several items in the notice appear confusing or unhelpful. The first paragraph of the notice states that "[t]here are approximately 2,216 potential" class members, but the notice states elsewhere that the class includes 2,351 members. Also, the notice states that the "gross amount payable" to each class member is about $166, but that amount fails to account for an attorney's fee and the expense of administering the class settlement. Another sentence in the notice accurately informs the class that each class member likely will receive about $100. Unless class counsel intends not to move for an attorney's fee, the parties must omit the sentence about the $166 payment.* Additionally, the notice fails to explain the consequence of not "opting out" of the class. The parties must add an explanation that the settlement binds a class member unless the class member requests exclusion from the class.

---

*\* The notice may mention that a class member might receive more than $100 if a further order disallows an expense or reduces the requested attorney's fee.*

Excepting these items, the notice warrants approval. After remedying these defects, the parties may mail the notice.

## 4. Opting out

To "opt out" of the class, a class member must request exclusion from the class in a written notice to the class administrator postmarked no later than **AUGUST 22, 2018**.

## 5. Objecting

If a class member objects to the settlement, the prospective attorney's fee, the incentive award for Valdivieso, or a settlement expense, the class member must mail a written objection to the clerk, to the class counsel, and to the defendant's counsel. The respective addresses are:

> Clerk of Court
> Sam M. Gibbons Courthouse
> 801 N. Florida Avenue
> Tampa, Florida 33602
>
> Luis A. Cabassa
> Brandon J. Hill
> 1110 N. Florida Avenue
> Suite 300
> Tampa, Florida 33602
>
> Todd S. Aidman
> Ford & Harrison LLP
> 101 E. Kennedy Blvd.
> Suite 900
> Tampa, Florida 33602

The objection must include the name of this action (*Valdivieso v. Cushman & Wakefield, Inc.*), the case number (8:17-cv-118-SDM-JSS), the objector's name,

address, and telephone number, and if counsel represents the objector the name and telephone number of the objector's counsel. A class member may object no later than **AUGUST 22, 2018**.

**6. Memorandums and hearing**

No later than **NOVEMBER 2, 2018**, in a memorandum no longer than twenty-five pages the parties may move for final approval of the settlement, including an attorney's fee for the class counsel, costs, reasonable expenses, and an incentive award for Valdivieso.

A fairness hearing is set for **9:30 a.m.** on **NOVEMBER 19, 2018**, in Courtroom 15A of the Sam M. Gibbons Courthouse in Tampa, Florida. A class member need not attend the hearing unless the class member objects to the settlement.

## CONCLUSION

The motion (Doc. 88) for certification of a certification of a settlement-only class, for preliminary approval of the settlement, and for leave to notify the class about the settlement is **GRANTED**. No later than **AUGUST 22, 2018**, a class member may object to the settlement or request exclusion from the class. No later than **NOVEMBER 2, 2018**, in a memorandum no longer than twenty-five pages the parties may move for final approval of the settlement, including an attorney's fee for the class counsel, costs, reasonable expenses, and an incentive award for Valdivieso.

A fairness hearing is set for **9:30 a.m.** on **NOVEMBER 19, 2018**, in Courtroom 15A of the Sam M. Gibbons Courthouse in Tampa, Florida.

ORDERED in Tampa, Florida, on May 11, 2018.

*[signature]*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE