UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:17-cv-00118-SDM-JSS

LUIS A. VALDIVIESO,

       Plaintiff,

v.

CUSHMAN & WAKEFIELD, INC.,

       Defendant.

_____/

**JOINT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT,
APPROVAL OF ATTORNEYS' FEES, COSTS, AND INCENTIVE
AWARD, AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff, Luis A. Valdivieso, on behalf of himself and the putative class, and Defendant, Cushman & Wakefield, Inc. ("C&W"), respectfully move for final approval of the Class Action Settlement Agreement between Plaintiff and C&W and for an award of attorneys' fees to Class Counsel, a Class Representative service award, and costs of administration. This Motion is based on the points and authorities cited in the Memorandum of Law, below; the Declarations of Keith Salhab ("Salhab Decla.") (attached as Ex. A) and Brandon Hill ("Hill Decla.") (attached as Ex. B); the arguments of counsel; and all files, records, and proceedings in this matter.

**MEMORANDUM OF LAW**

**I.    Introduction.**

On May 11, 2018, this Court issued an order preliminarily approving the Class Action Settlement Agreement ("Settlement" or "Settlement Agreement") between Plaintiff, on behalf of the Settlement Class, and C&W. (Doc. 89.) In that Order, the Court found that "the settlement appears to resolve this action fairly, adequately and reasonably." (*Id.* at 3.) The

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Final Approval of Class Action Settlement

Settlement Class Members' response to the notice of settlement confirms that the Court's preliminary analysis was correct. The Settlement Class Members overwhelming elected to participate in the Settlement. The Settlement Class Administrator sent a notice of settlement via first class mail to 2,351 Settlement Class Members and only 3 elected to opt out by the prescribed deadline. None of the Settlement Class Members objected to the Settlement. Accordingly, the Parties respectfully request that this Court grant their Motion for Final Approval of Class Action Settlement.

## II.    **Background.**

The relevant facts relating to the history of this action and the negotiation and terms of the Settlement Agreement were previously addressed in detail in the Parties' Motion for Preliminary Approval of Class Action Settlement (Doc. 88). The Parties incorporate that detailed background here by reference. In summary, Plaintiff alleges that C&W provided him and other class members with a deficient COBRA Notice. Plaintiff asserted that C&W's COBRA Notice did not adequately inform him how to exercise his right to elect COBRA coverage because the Notice failed to include (i) a date certain on which continuation coverage would end eighteen months after initiation of coverage, and (ii) an address for payment of premiums. C&W denied Plaintiff's allegations and raised a number of affirmative defenses. Plaintiff filed a motion for class certification and C&W filed its opposition to that motion. The fully-briefed motion for class certification remained pending during the second mediation at which the Parties reached the Settlement at issue. The Parties provide the following additional background regarding events that have taken place since the Court issued its Preliminary Approval Order on May 11, 2018, or those which are scheduled to take place if final approval is granted.

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Final Approval of Class Action Settlement

### A.    Notice of Settlement.

The Settlement Claims Administrator, American Legal Claim Services, LLC ("ALCS"), sent the short form Class Notice approved by the Court to each of the Settlement Class Members on April 19, 2018 via first-class mail. (Ex. A, Salhab Decla., ¶ 3.) The Parties revised the short form Notice, pursuant to the Court's comments in the Order. (Doc. 89 at 3-4.) A total of 2,351 Class Notices were mailed to members of the Settlement Class. *Id.* In addition, ALCS established a website at www.valdivieso-cushmanwakefield-classaction.com which made a long form of class notice (Doc. 88-3) available to Class Members.

These short and long forms of Class Notice provided Settlement Class Members with all required information relating to the Settlement including: (1) a summary of the lawsuit and an overview of the nature of the claims; (2) the definition of the Settlement Class certified by the Court; (3) a clear description of the material terms of the Settlement; (4) an explanation of the claims being released if class members did not opt out; (5) an explanation of Settlement Class Members' opt-out rights, a date by which Settlement Class Members must opt out, and information regarding how to do so; (6) instructions as to how to object to the Settlement and a date by which Settlement Class Members must object; (7) the date, time, and location of the final approval hearing; (8) the internet address for the settlement website and the toll-free number from which Settlement Class Members could obtain additional information about the Settlement; (9) identification of Class Counsel and information regarding the compensation that they would seek pursuant to the Settlement Agreement; and, (10) identification of the Class Representatives and information regarding the service award he would seek pursuant to the Settlement Agreement.

The Settlement also website provided Class Members with access to the following

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Final Approval of Class Action Settlement

documents: (i) the long form of Class Notice (Doc. 88-3) which explained the proposed Settlement in detail; (ii) Class Action Complaint (Doc. 1); (iii) First Amended Class Action Complaint (Doc. 14); (iv) Answer and Affirmative Defenses to Amended Complaint (Doc. 52); (v) Class Settlement Agreement and Release, with exhibits (Doc. 88-1); (vi) Joint Motion for Preliminary Approval of Class Action Settlement, with exhibits (Doc. 88); and (vii) Preliminary Approval Order (Doc. 89). The long form of notice included a set of Frequently Asked Questions ("FAQs") and answers about the Settlement. (Doc. 88-3 at 4-11.)

ALCS also set up a toll-free telephone support line that Class Members could call to obtain additional information. (Ex. A, Salhab Decla., ¶ 12.) Notice to the Class Members was sufficient and consistent with the Order (Doc. 89).

**B.      Class Members' Acceptance of the Settlement.**

The Settlement Class Members overwhelmingly accepted the Settlement by agreeing to remain in the Settlement Class and to participate in the Settlement. ALCS mailed 2,351 notices of settlement of which 33 are deemed undeliverable. (Ex. A, Salhab Decla., ¶ 9.) Accordingly, 2,319 Settlement Class Members received the Class Notice and only 3 elected to opt out by the August 22, 2018 deadline. (*Id.*, ¶ 10.) No Settlement Class Members filed or mailed any objections to the Settlement. (*Id.*, ¶ 14.)

**III.      Relief to be Provided Pursuant to the Settlement Agreement.**

The Settlement Agreement provides for both prospective relief and monetary compensation to the Settlement Class. Upon final approval, the following relief will be promptly provided to all Settlement Class Members.

**A.      Prospective Relief.**

As previously noted in the Joint Preliminary Approval Motion (Doc. 88 at 7), C&W

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Final Approval of Class Action Settlement

changed its third party COBRA administrator as of January 1, 2017, prior to the filing of this Lawsuit. Nonetheless, because of this lawsuit and the Settlement obtained, C&W caused its current COBRA notice to be reviewed to ensure that the notice includes a date certain on which the maximum period for which continuation coverage will terminate, if elected, and an address for payment of premiums. Subject to any changes in the law, the Settlement Agreement requires C&W to ensure that future COBRA notices sent on its behalf similarly include a date certain on which the maximum period for which continuation coverage will terminate, if elected, and an address for payment of premiums.

### B.      Monetary Relief and Distribution of Settlement Fund.

Under the Settlement Agreement, C&W has agreed to establish a common fund of $390,000.00, which will be used to compensate Settlement Class Members and to pay any amounts approved by the Court for attorneys' fees, administrative expenses, and class representative service awards. (Doc. 88-1 at 10). After any court-approved deductions for settlement administration costs, Class Representative service awards, and attorneys' fees and expenses, the Settlement Fund will be distributed evenly among all Settlement Class Members on a *pro rata* basis. (Doc. 88-1 at 10-11.)

The Settlement Class Members will automatically receive their *pro rata* share of the Settlement Fund without the need to submit a claim form. Settlement Class Members will have a fair and adequate amount of time to negotiate his/her settlement check, *i.e.*, sixty (60) days from the date that appears on the face of the check. Importantly, this is a "claims paid" settlement, which means that class members will not need to do anything to actually receive funds -- provided they did not ask to be excluded. Funds from checks that are not timely cashed will not revert to Defendant but, rather, will be paid to the designated *cy pres* recipient.

## IV.   <u>Argument – The Court should Enter Final Approval of the Settlement.</u>

### A.   <u>Legal Standard.</u>

Under Federal Rule of Civil Procedure 23(e), any settlement agreement that binds absent class members requires judicial approval and a determination that the settlement is fair, reasonable and adequate. The decision whether to approve a proposed class action settlement is "committed to the sound discretion of the district court." *In re U.S. Oil & Gas Litig.,* 967 F.2d 489, 493 (11th Cir. 1992). In exercising this discretion, the Court should bear in mind that "public policy strongly favors the pretrial settlement of class action lawsuits." *Id.* at 493; *see also In re Sunbeam Sec. Litig.,* 176 F. Supp. 2d 1323, 1329 (S.D. Fla. 2001) (court "should always review the proposed settlement in light of the strong judicial policy that favors settlements.") (internal citation omitted).[1]

Here, the Court granted preliminary approval of the Settlement finding that "the settlement appears to resolve this action fairly, adequately and reasonably." (Doc. 89 at 3.) The Court's preliminary approval gives rise to a presumption that the settlement is fair, reasonable, and adequate. *Ass'n for Disabled Americans v. Amoco Oil Co.,* 211 F.R.D. 457, 467 (S.D. Fla. 2002) (internal citations omitted). The Court's preliminary finding that the Settlement fairly, adequately and reasonably resolves this controversy is bolstered by the *de minimis* number of opt-outs and absence of any objectors. At the final approval stage, the Eleventh Circuit has identified six factors that courts should consider in analyzing the fairness, reasonableness, and adequacy of a class action settlement under Rule 23(e):

> (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration

---

[1] See also, *Pierre-Val v. Buccaneers Ltd. Partn.,* 2015 U.S. Dist. LEXIS 81518 at *2-3 (M.D. Fla. June 17, 2015) ("Settlement agreements are highly favored in the law and will be upheld whenever possible because they are a means of amicably resolving doubts and uncertainties and preventing lawsuits.") (internal citation omitted).

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Final Approval of Class Action Settlement

of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

*In re CP Ships Ltd. Sec. Litig.,* 578 F.3d 1306, 1318 (11th Cir. 2009). When evaluated under these factors, the Parties' settlement is fair, adequate, and reasonable.

> **B.      Plaintiff and the Settlement Class Would Have Faced Significant Risks at Trial.**

Plaintiff would have faced significant obstacles and risk if this case were to proceed to trial. Further litigation would have been complicated, protracted, and expensive. C&W asserted numerous defenses which, collectively, increased the risk of the class being unable to establish liability and damages. Additionally, Plaintiff faced significant risks with respect to certification of a litigation class.

First, with respect to liability, the Court's ruling on the motion to dismiss was not dispositive of the case. Significant and important issues remained to be decided upon the evidence presented. The Court did not have before it (and, therefore, did not consider) any of the information produced in discovery or the information available to Plaintiff which C&W contends supplemented its COBRA Notice and was sufficient for purposes of COBRA.[2] Likewise, the Court did not consider many other available potentially dispositive legal arguments available to Defendant.[3]

Second, Plaintiff and the Class faced risk with respect to damages, as the pertinent regulations provide for a maximum statutory penalty of $110, but no minimum penalty. *See* 29 C.F.R. § 2575.502c-1. Whether or not to award statutory penalties – and the amount of

---

[2] The COBRA Notice at issue provided contact information including a customer service toll-free telephone number and advised beneficiaries that payment envelopes would be mailed to them for their use in paying premiums if they elected coverage.

[3] For example, Defendant contends (and Plaintiff denies) that the purported deficiencies at issue are merely technical in nature and do subject Defendant to liability under COBRA.  *See, e.g., Franks v. Cent. Garden & Pet Co.,* No. 3:06-CV-68 (CDL), 2007 U.S. Dist. LEXIS 58532, *20-21 (M.D. Ga. Aug. 10, 2007) (technical deficiency in COBRA notice held not actionable).

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Final Approval of Class Action Settlement

penalties up to the $110 maximum – is left within the discretion of the court. Although Plaintiff believes (but Defendant disputes) he and the class would have been entitled to recover damages here, there is a risk that Plaintiff may recover nothing even if the Court were to determine that the COBRA Notice at issue had an actionable technical deficiency.[4]

Finally, Plaintiff would have faced risks on class certification as well. (*See* Def's Resp. in Opposition to Pl's Motion for Class Certification, Doc. 77.) In certain cases involving deficient COBRA notices, class certification has been denied for litigation purposes, *see e.g., Brown-Pfifer v. St. Vincent Health, Inc.,* No. 1:06-CV-0236-SEB-JMS, 2007 U.S. Dist. LEXIS 69930, *26 (S.D. Ind., Sept. 20, 2007), while, in other cases, class certification has been granted, *see e.g., Vazquez v. Marriott Int'l, Inc.,* No. 8:17-CV-0116-T-35MAP, (Doc. 61) (M.D. Fla. August 7, 2018) (granting class certification in deficient COBRA notice case). Thus, settlement at this stage ensures the entire class will obtain relief without the uncertainties attendant to protracted litigation seeking class certification.

By settling the case at this juncture, Plaintiff and the Settlement Class will receive class-wide monetary and prospective relief, whereas they faced significant risks of obtaining nothing if Plaintiff continued to litigate the case. The risks associated with continued litigation and the burdens of class litigation strongly favor approval of the Settlement. As stated in *In re Shell Oil Refinery, 155* F.R.D. 552, 560 (E.D. La. 1993):

> The Court should consider the vagaries of litigation and compare the significance of immediate recovery by way of compromise to the mere possibility of relief in the future, after protracted and expensive litigation. In this respect, it has been held proper to take the bird in the hand instead of a prospective flock in the bush.

---

[4] *See, e.g., Ctr. For Orthopedics & Sports Med. V. Horizon*, 2015 U.S. Dist. LEXIS 133763, *16 (D.N.J. Sept. 30, 2015) (court did not impose statutory penalty because administrator did not act in bad faith); *Cole v. Trinity Health Corp.*, 2014 U.S. Dist. LEXIS 7047, *22 (N.D. Iowa Jan. 21, 2014) *aff'd* 774 F.3d 423 (8th Cir. 2014) (court did not award statutory penalty even though administrator did not send COBRA notice to plaintiff because administrator acted in good faith and plaintiff suffered no damages).

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Final Approval of Class Action Settlement

(internal brackets and quotation marks omitted). In light of the foregoing risks, the proposed

Settlement achieves both a reasonable and prudent, timely and cost-effective resolution of this

case for the benefit of the Settlement Class Members.

> **B.    The Settlement Provides Significant Relief to Class Members.**

As detailed above, the Settlement provides substantial relief to Settlement Class

Members. The Settlement requires C&W to pay $390,000 into a Settlement Fund to resolve

the claims at issue. This represents a net recovery of approximately $100 per Class Member,

which is almost 90% of the $110 statutory penalty that may be awarded for violations of

COBRA's notice requirements under 29 C.F.R. § 2575.502c-1. This falls well within the range

of reasonableness for settlement purposes. *See In re Rite Aid Corp. Sec. Litig.,* 146 F. Supp. 2d

706, 715 (E.D. Pa. 2001) (noting that since 1995, class action settlements have typically

"recovered between 5.5% and 6.2% of the class members' estimated losses"); *Behrens v.

Wometco Enters., Inc.,* 118 F.R.D. 534, 542 (S.D. Fla. 1988) ("A settlement can be satisfying

even if it amounts to a hundredth or even a thousandth of a single percent of the potential

recovery."). The Settlement's monetary relief is particularly reasonable in this case because it

was possible that Settlement Class Members could have recovered no monetary damages even

if they were successful on the merits. Moreover, under the Settlement, ***all*** Settlement Class

Members will share in the recovery, as they do not need to file a claim form in order to receive

a settlement payment.

> **C.    The Settlement Will Avoid Complex, Costly, and Protracted Litigation.**

Aside from the risks of litigation, continuing the litigation would have resulted in

complex, costly, and lengthy proceedings before this Court and likely the Eleventh Circuit.

This would have significantly delayed relief to Settlement Class Members (at best) and might

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Final Approval of Class Action Settlement

have resulted in no relief at all. In the absence of a settlement, Plaintiff would have had to take multiple depositions, appear for his own deposition, engage in class certification motion practice, engage in summary judgment motion practice, prepare for trial, and present his case at a trial on the merits. The costs associated with these litigation proceedings would have been significant. Moreover, even if Plaintiff had won certification of a litigation class and prosecuted the class claims to a successful conclusion, it is likely that C&W would have appealed any judgment entered against it, resulting in further expense and delay.

Complex litigation such as this "can occupy a court's docket for years on end, depleting the resources of the parties and taxpayers while rendering meaningful relief increasingly elusive." *In re U.S. Oil & Gas Litig.,* 967 F.2d at 493. By entering into a settlement now, Plaintiff and the Settlement Class have saved precious time and costs and have avoided the risks associated with further litigation. In other words, given the complexity, expense, burden, and likely duration of this litigation, the proposed Settlement is reasonable, fair, and adequate, and warrants approval.

**D.     There Is No Opposition to the Settlement.**

The Settlement Class Members tacitly found the Settlement Agreement to be fair, adequate and reasonable by agreeing to remain in the Settlement Class and to participate in the Settlement as proposed. Only 3 persons out of more than 2,000 Settlement Class Members elected to opt-out. Importantly, no one filed ***any objections to the terms of the Settlement Agreement.*** The Settlement Class Members' response to the Settlement Notice strongly favors final approval of the Settlement. *See In re Checking Account Overdraft Litig.,* 830 F. Supp. 2d 1330, 1343 (S.D. Fla. 2011) ("near 'unanimous approval of the proposed settlement[] by the class members is entitled to nearly dispositive weight in this court's evaluation of the proposed

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Final Approval of Class Action Settlement

settlement[].'") (internal citation omitted); *Ass'n For Disabled Americans*, 211 F.R.D. at 467

(a "small number of objectors from a plaintiff class of many thousands is strong evidence of a

settlement's fairness and reasonableness"); *In re Motorsports Merch. Antitrust Litig.,* 112 F.

Supp. 2d 1329, 1338 (N.D. Ga. 2000) ("The lack of objection to the settlements suggests that

the terms are satisfactory to those affected.").

 The Court appointed Plaintiff as Class Representative and Plaintiff's counsel as Class

Counsel. (Doc. 89 at 3-4, 6-7.) Class Counsel and Class Representative have stated that they

believe the proposed Settlement is fair, reasonable, and adequate. *See generally,* Valdivieso

Decla. (Doc. 88-7); Cabassa Decla. (Doc. 88-4); Hill Decla. (Doc. 88-5); and Justice Decla.

(Doc. 88-6). Class Counsel's and the Class Representative's belief that the Settlement is fair

weighs heavily in favor of final approval. *See, Pierre-Val.*, 2015 U.S. Dist. LEXIS 81518, at

*2-3 ("courts should give weight to the parties' consensual decision to settle class action cases,

because they and their counsel are in unique positions to assess the potential risks").

  **E.**  **Settlement was Appropriate at this Stage of the Proceedings.**

 The Parties engaged in adversarial litigation for eleven (11) months, and had the benefit

of the Court's ruling on the motion to dismiss. The Parties participated in two (2) separate

mediations with Court-appointed mediator, Brett Preston who is a certified mediator in the

Middle District of Florida. C&W provided substantial discovery to Class Counsel in advance

of the settlement conference, including relevant documents and class data, and Class Counsel

took several depositions. This allowed Class Counsel to negotiate on an informed basis during

the settlement conference. As Class Counsel stated, "there is little doubt that the decision to

settle was as informed as it possibly could have been." (Doc. 88-4, Cabassa Decla., at 5.) The

second mediation on January 30, 2018 which resulted in the Settlement took place at an

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Final Approval of Class Action Settlement

appropriate time, as the Court specifically ordered that the Parties to participate in a settlement conference by January 31, 2018. (Doc. 49 at 4.)

The proposed Settlement is the product of arm's length negotiations that were overseen by an experienced and impartial mediator who was selected and appointed by the Court. (Doc. 19.) This fact alone weighs in favor of approval. *See Perez v. Asurion Corp.,* 501 F. Supp. 2d 1360, 1384 (S.D. Fla. 2007) (concluding that class settlement was not collusive in part because it was overseen by "an experienced and well-respected mediator"). Where, as here, there "is no evidence of any kind that the parties or their counsel have colluded or otherwise acted in bad faith in arriving at the terms of the proposed settlement … counsel's informed recommendation of the agreement is persuasive that approval is appropriate." *Strube v. American Equity Inv. Life Ins. Co.*, 226 F.R.D. 696, 703 (M.D. Fla. 2005). As the Court found at the time of entering its order providing preliminary approval of the proposed Settlement, this settlement will resolve this action "fairly, adequately and reasonably." (Doc. 89 at 3.)

**V.    The Court Should Approve the Costs of Settlement Administration and Authorize Payment from the Settlement Fund.**

The Court appointed ALCS as the Settlement Administrator. (Doc. 89 at 4.) As Settlement Administrator, ALCS sent (via certified mail through the US Postal Service) the Notice of Proposed Class Action Settlement, 28 U.S.C. § 1715 ("CAFA Notice"), to the Attorneys General of 50 states, plus the territory of Puerto Rico, the Attorney General of the United States, the District of Columbia's Corporate Counsel, and the Attorney Generals for Guam, American Samoa, the US Virgin Islands, and the Northern Mariana Islands. (Ex. A, Salhab Decla., ¶ 3.) None of the Attorneys General responded to the CAFA Notice and none provided any objections to the proposed Settlement Class or Settlement Agreement. ALCS's invoice for providing the CAFA notices is in the sum of $2,770.00. (Ex. A, Salhab Decla.,

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Final Approval of Class Action Settlement

¶¶ 3, 4, 18-19.)

In addition, ALCS printed and mailed the Class Notice to the Settlement Class Members, set up and monitored a settlement website and phone line, processed opt-out requests, prepared weekly reports to the Parties during the opt-out period, and will perform all administrative services necessary to establish the Settlement Account, disburse court-approved attorneys' fees, Class Representative incentive award, and administrative costs, provide payments to Settlement Class Members, and, ultimately, to reconcile and close out the Settlement Account. ALCS's charge for those services is $18,554, for a total including the CAFA notice of $21,324.00. (Ex. A, Salhab Decla., ¶¶ 3, 4, 18-19.)

The Parties agree that ALCS's charges for its services are fair and reasonable in light of the size of the Settlement Class, the number of Class Notices and CAFA notices produced and mailed, and the amount of administrative work that remains to be done after final approval. The Parties request that the Court approve ALCS's charges and enter an order permitting ALCS to disburse funds from the Settlement Account to satisfy its invoices.

## VI.    **The Court Should Grant the Requested Class Representative Service Award.**

Plaintiff Valdivieso took an active a role in this litigation. He has served as the *de facto* Class Representative since the inception of the case, communicated with his attorneys throughout the litigation, searched for documents and responded to discovery, participated in two lengthy mediation sessions, and otherwise has done everything necessary to keep the case on track and to protect the Class Members' interests. (Ex. B, Hill Decla., ¶ 12.)  As the Eleventh Circuit recently stated, "[m]any circuits have endorsed incentive awards and recognize them as serving the purposes of Rule 23." *Muransky v. Godiva Chocolatier, Inc.*, __ F.3d __, No. 16-16486, 2018 U.S. App. LEXIS 27980, at *35 (11th Cir. Oct. 3, 2018). Here, Plaintiff seeks

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Final Approval of Class Action Settlement

an incentive award of $10,000. In *Muransky*, the Eleventh Circuit approved an identical award – $10,000 – to the named plaintiff affirming the District Court's finding that plaintiff had subjected himself to inconvenience when "he signed on as the class representative." *Id.* at *38. Like the plaintiff in *Muransky*, Plaintiff Valdivieso has subjected himself to inconvenience and has devoted significant time and resources to this case for the benefit for the Class Members which support an incentive award in the sum of $10,000.

## VII.    Attorneys' Fees and Costs.

According to the Supreme Court, "[a] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478, 62 L. Ed. 2d 676, 100 S. Ct. 745 (1980).

### A.    The Requested Attorneys' Fees and Costs are Reasonable and Should Be Awarded.

The Eleventh Circuit and this District Court have ruled that the common fund should be valued at the amount made available to the class, not the amount claimed. *See Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295-96 (11th Cir. 1999) (affirming fee award of 33-1/3% of total amount made available to class, and determining that attorney's fees may be determined based on the total benefits available, even where the actual payments to the class following a claims process are lower); *Saccoccio v. JP Morgan Chase Bank, NA.,* 297 F.R.D. 683, 695 (S.D. Fla. 2014) ("The attorneys' fees in a class action can be determined based upon the total fund, not just the actual payout to the class.").

*Camden I* is the preeminent case in this Circuit dealing with the issue of attorneys' fees in common-fund class-action cases, like this. In that case, the Eleventh Circuit held that "the percentage of the fund approach [as opposed to the lodestar approach] is the better reasoned

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Final Approval of Class Action Settlement

[approach] in a common fund case. Henceforth in this circuit, attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class." *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991).[5] The Eleventh Circuit affirmed that approach in *Muransky* noting further that "[t]he common-fund doctrine applies to class settlements that result in a common fund even when class counsel could have pursued attorney's fees under a fee-shifting statute." *Muransky*, 2018 U.S. App. LEXIS 27980, at *32.

"There is no hard and fast rule mandating a certain percentage of a common fund which may be awarded as a fee because the amount of any fee must be determined upon the facts of each case." *Camden I*, 946 F.2d at 774. As a general proposition, "the majority of common fund fee awards fall between 20% to 30% of the fund," although "an upper limit of 50% of the fund may be stated as a general rule." *Id.* at 774–75. While the objectors in *Muransky* opposed an award of class counsel fees in the sum of one-third of the settlement fund as being above the Eleventh Circuit's 25% benchmark, the court nonetheless affirmed the fee award under the well-accepted standards for evaluating fee awards, discuss below. *Muransky*, 2018 U.S. App. LEXIS 27980, at *32-33.

Here, Plaintiff requests that Class Counsel be awarded one-third[6] of the common fund made available to Class Members in the sum of $129,999.87. *See Hamilton v. SunTrust Mortg., Inc.*, 2014 U.S. Dist. LEXIS 154762, at *20-22 (S.D. Fla., Oct. 24, 2014) (citing *Saccoccio v.*

---

[5] In keeping with *Camden*, Class Counsel does not include their accumulated hours or hourly rates or perform a lodestar crosscheck analysis here. Should the Court request such information, Class Counsel will gladly provide it.

[6] This Court has approved similar fee petitions in class action cases based on statutory damages, including in *Speer v. Whole Foods Market Group, Inc.*, 8:14-cv-03035-RAL-TBM (M.D. Fla., October 9, 2015, Doc. 64) (awarding attorneys' fees of 33 1/3% of common fund in FCRA class action case); *Patrick v. Interstate Management Company, LLC*, 8:15-cv-01252-VMC-AEP (M.D. Fla. April 29, 2016, Doc. 48) (awarding attorneys' fees of 33 1/3% of common fund in FCRA class action case); *see also Moody, et al. v. Ascenda USA, Inc.*, et al., 0:16-cv-60364-WPD (S.D. Fla., March 12, 2018, Docs. 113, 114) (same).

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Final Approval of Class Action Settlement

*JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 695 (S.D. Fla. 2014) ("attorneys' fees in a class action can be determined based upon the total fund, not just the actual payout to the class")). Notably, Class Counsel is not requesting a separate award for litigation costs which will be subsumed within the fee award.

District courts are guided by the following factors in determining a reasonable percentage to award as fees to class-action counsel:(1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and the length of the professional relationship with the client; and, (12) awards in similar cases. *Camden I*, 946 F.2d at 772, n.3 (internal citation omitted); *see also Muransky*, 2018 U.S. App. LEXIS 27980, at *32-33 (affirming the use of these factors).

### 1.    Time and Labor Required.

The case was litigated thoroughly. (Ex. B, Hill Decla., ¶¶ 12-13.) Class Counsel expended significant time conducting exhaustive COBRA class action research; drafting and filing the Complaint and Amended Complaint; analyzing and briefing in opposition to Defendant's potentially dispositive motion to dismiss; researching and drafting the Rule 23 motion for class certification and supporting declarations; drafting and responding to discovery; obtaining third-party discovery; reviewing and analyzing class-related information submitted by Defendant; reviewing nearly 1,000 pages of documents Defendant and third-parties produced in discovery; preparing for and taking the deposition of Defendant's corporate

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Final Approval of Class Action Settlement

representative; preparing for and taking the deposition of a third party; preparing for and attending two full-day mediations; assisting with the drafting, editing, and finalizing of the complex settlement agreement and accompanying exhibits, class notices, etc.; working with the class administrator to assist with the notice process; and, among other things, assisting with the preparation of the joint motions seeking preliminary and final approval of the class settlement and exhibits. (Ex. B, Hill Decla., ¶¶ 12-13.)

Additionally, the Parties' motion for final approval still must be heard, requiring preparation time. In the event that the Court grants final approval of the Settlement, Class Counsel will continue to represent the Class and monitor the completion of the Settlement. Class Counsel will also defend the Settlement against appeals by objectors, if any, will oversee the Settlement to ensure that Class Members receive their settlement benefits, and will continue to respond to inquiries from Class Members. Therefore, Class Counsel will have significantly more time in this matter to bring it to full and final resolution once the case is complete. For these reasons, and based upon the facts and authority cited herein, Class Counsel respectfully submits that this Court should find that the fees sought by Class Counsel in this action are reasonable and warranted.

### 2‑3. This Case Presented Novel and Difficult Questions Requiring a High Level of Skill to Perform the Legal Services Properly.

The second factor recognizes that attorneys should be appropriately compensated for accepting novel and difficult cases. The third factor requires consideration of the skill level necessary to perform the legal service properly. The third factor ties directly to the second factor and requires the Court to "closely observe the attorney's work product, his preparation, and general ability before the court." *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 718 (5th Cir. 1974).

Valdivieso v. Cushman & Wakefield, Inc.
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Final Approval of Class Action Settlement

Courts in this Circuit recognize that class actions involving various legal theories are, by their nature, very difficult. *See Yates v. Mobile Cty. Personnel Bd.*, 719 F.2d 1530, 1535 (11th Cir. 1983). This case presented a novel legal theory as there are relatively few reported decisions in cases dealing with COBRA compliance related issues. Class Counsel had the expertise to bring this case and to achieve a favorable outcome at mediation. Few lawyers would have the skill and wherewithal to see this case through to the conclusion the Parties present for Final Approval against a sophisticated, corporate Defendant and top-notch Defense Counsel. This factor also weighs heavily in favor of the reasonableness of the requested fee.

The Eleventh Circuit recognizes skill as the "ultimate determinate of compensation level," as "reputation and experience are usually only proxies for skill." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1300 (11th Cir. 1990). In *Norman*, the Eleventh Circuit listed several elements that district courts may consider in determining an attorney's skill. 836 F.2d at 1300. Applying these factors, Class Counsel have shown themselves to be highly skilled. The complexity of this innovative area of class action litigation, the genuine possibility of Defendant's success in having the case dismissed on standing grounds, the dearth of case law on COBRA notice class actions, the ability to achieve a favorable outcome despite Defendant's potentially dispositive motion to dismiss and highly skilled Defense counsel, and the complexity inherent with any class action, all demonstrate that Class Counsel are highly skilled practitioners. This weighs in favor of finding the fee sought reasonable.

### 4.     Preclusion of Other Employment.

The fourth factor, "[t]he preclusion of other employment by the attorney due to acceptance of the case," requires the dual consideration of otherwise available business which is foreclosed because of conflicts of interest arising from the representation, and the fact that

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Final Approval of Class Action Settlement

once the employment is undertaken, the attorney is not free to use the time spent on the case for other purposes.

Here the hours required to prosecute this action limited the amount of time and resources that Class Counsel was available to devote to other matters over the period of this litigation. Defendant pressed multiple grounds for dismissal, as well as in resisting certification, all of which had to be thoroughly researched and briefed because of the issues raised. Thus, this factor also militates in favor of finding the Requested Fee reasonable.

### 5.    Customary Fee.

The customary fee for counsel representing a plaintiff in an employment matter such as this depends on the experience and skill level of the involved attorneys. Statutory-claim based class-action litigation has become particularly difficult since the Supreme Court's *Spokeo* decision, highlighting the skill necessary to bring a case like this through the dispositive motions stage and into discovery and eventually a favorable resolution. This Court has approved similar fee petitions in class action cases based on statutory damages, including in *Speer v. Whole Foods Market Group, Inc.*, 8:14-cv-03035-RAL-TBM (M.D. Fla., October 9, 2015, Doc. 64) (awarding attorneys' fees of 33 1/3% of common fund in FCRA class action case); *Patrick v. Interstate Management Company, LLC*, 8:15-cv-01252-VMC-AEP (M.D. Fla. April 29, 2016, Doc. 48) (awarding attorneys' fees of 33 1/3% of common fund in FCRA class action case); *see also Moody v. Ascenda USA, Inc.*, No. 0:16-cv-60364-WPD (S.D. Fla., March 12, 2018, Docs. 113, 114) (same).  The fee sought by Plaintiff's Counsel is reasonable and customary for this type of case. *See In re U.S. Bancorp. Litig.*, 291 F.3d 1035 (8th Cir. 2002) (fee of 36% affirmed); *Waters Int'l Precious Metals Corp.*, 190 F.3d 1291 (11th Cir. 1999) (attorneys' fees award of 33-1/3% of total settlement fund).

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Final Approval of Class Action Settlement

## 6.    Class Counsel Took the Case on a Contingency Basis.

The sixth factor concerns the type of fee arrangement (hourly or contingent) entered into by the attorney. "A contingency fee arrangement often justifies an increase in the award of attorneys' fees." *Behrens v. Wometco Enters.*, 118 F.R.D. 534, 548 (S.D. Fla. 1988). Class Counsel undertook significant financial risk in prosecuting this case because it was taken on a contingency basis with no guarantee of recovery. Plaintiff pursued difficult claims against a corporate Defendant. There were no assurances that Plaintiff would survive Defendant's Motion to Dismiss, or have the putative class certified, much less obtain a $390,000 settlement for the benefit of the Settlement Class. Plaintiff's Counsel incurred significant fees in prosecuting this action and has received no compensation thus far. For these reasons, this factor supports the approval of the requested amount of attorneys' fees.

## 7.    Time Limitations.

"Priority work that delays the lawyer's other legal work is entitled to some premium." *Johnson*, 488 F.2d at 718. This case involved significant and intense hours of preparation and demanded much of Plaintiff's Counsel's time for many weeks. Thus, this factor also cuts in favor of finding the fee sought reasonable.

## 8.    Amount Involved and the Results Obtained.

Class Counsel recovered a potential $390,000 settlement on behalf of the Class. They were also able to negotiate and have Defendant implement prospective relief. In doing so, Class Counsel effectively and quickly achieved a settlement that provides meaningful monetary and prospective relief for all Class Members and future COBRA election notice recipients who experience a qualifying event following the conclusion of their employment with Defendant. This factor weighs heavily in favor of awarding the Requested Fee.

### 9.    Experience, Reputation, and Ability of the Attorneys.

Plaintiff's Counsel have set forth their qualifications and prior experience in the Declarations they attached to the Motion for Preliminary Approval. (*See* Docs. 88-4, 88-5, and 88-6). This case has, at all stages, been handled on both sides by very experienced lawyers whose reputations for effective handling of complex litigation are known throughout this District. This factor also weighs in favor of awarding the Requested Fee.

### 10.    Undesirability of the Case.

In the above sections, Plaintiff highlighted the complexity and skill required to prosecute this action. The expense and time involved in prosecuting such litigation on a contingent basis, with no guarantee or high likelihood of recovery would make this case highly undesirable for many attorneys. This case presented a novel COBRA notice issue that many attorneys may not recognize as a potential cause of action. Therefore, this factor, too, supports the requested amount of attorneys' fees.

### 11.    Nature and Length of the Professional Relationship with the Client.

Plaintiff's Counsel was not representing a long-term client in this matter. This factor is neutral.

### 12.    Awards in Similar Cases.

"The reasonableness of a fee may also be considered in light of awards made in similar litigation within and without the court's circuit." *Johnson*, 488 F.2d at 719. The monetary amount recovered by Class Counsel of at least $100 for each class member in this case is comparable and in line with other COBRA class action settlements, if not better.

In a recent COBRA notice case styled *Gilbert v. Suntrust,* No.: 9:15-cv-80415 (Doc. 79) (S.D. Fla. July 29, 2016), the court awarded class counsel attorney's fees of $110,000, plus

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Final Approval of Class Action Settlement

expenses (or approximately 37% of the total common fund). The fee award in *Gilbert* was approximately the same amount requested by Class Counsel, however, the results obtain in that case were far less favorable when compared to the Settlement in this case. The *Gilbert* class had approximately 9,000 members who received a portion of a common fund of $290,000. After payment of all court-awarded expenses, the net recovery per class member was less than $32.22. In contrast, here, the net recovery to each Class Member will be approximately $100.00.

The amount of fees and costs sought here total one third of the common fund, or $129,999.87. One-third of a common fund is well in line with fees generally awarded in class action cases, and for settlements of this amount and, pursuant to the factors discussed above, should be deemed reasonable.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Parties believe that the Settlement is fair, reasonable, and adequate and, respectfully, request that the Court enter a Final Approval Order, as follows: (1) granting final approval of the Class Action Settlement Agreement between Plaintiff and C&W; (2) affirming certification of the Settlement Class, as defined in the Settlement Agreement, for settlement purposes; (3) finding that the Notice of Class Action Settlement provided in this action satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (4) finding that the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class, and that each Settlement Class Member who did not submit a timely and valid request to opt out of the Settlement shall be bound by the Settlement Agreement; (5) dismissing on the merits and with prejudice all claims asserted in this Action on behalf of the Settlement Class against C&W; and (6) permanently enjoining each and every Settlement

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Final Approval of Class Action Settlement

Class Member (excluding those who submitted a timely and valid request to opt out), and any person actually or purportedly acting on their behalf, from bringing, joining, or continuing to prosecute any action against C&W or any of the Released Parties (as defined in the Settlement Agreement) asserting a claim covered by the Class Release set forth in the Settlement Agreement. In addition, the Parties request that the Court award attorneys' fees in the sum of $129,999.87 to Class Counsel, an award of $10,000 to Class Representative, and approve the Settlement Administrator's charges in the sum of $21,324.00 which, pursuant to the Settlement Agreement, are to be paid out of the Settlement Fund prior to distribution of the net amount of the Settlement Fund on a *pro rata* basis to the Settlement Class Members.

Respectfully submitted,

WENZEL FENTON CABASSA, P.A.

/s/ Brandon J. Hill
Brandon J. Hill, Esq.
Florida Bar No: 37061
Direct No.: 813-337-7992
Email: bhill@wfclaw.com
Luis A. Cabassa, Esq.
Florida Bar Number: 0053643
Direct No.: 813-379-2565
Email: lcabassa@wfclaw.com
1110 N. Florida Ave., Suite 300
Tampa, FL 33602
Main No.: 813-224-0431
Email: twells@wfclaw.com
Email: mk@wfclaw.com

and

BLACK ROCK TRIAL LAWYERS, PLLC

/s/ Chad A. Justice
Chad A. Justice, Esq.
Florida Bar No: 121559
Direct No. 813-254-1777x106

FORD & HARRISON, LLP

/s/ Merry E. Lindberg
Merry E. Lindberg, Esq.
Florida Bar No. 308102
1450 Centrepark Blvd., Suite 325
West Palm Beach, FL 33401
Telephone: (561) 345-7505
Email: mlindberg@fordharrison.com

and

Todd S. Aidman, Esq.
Florida Bar No. 173029
101 E. Kennedy Boulevard, Suite 900
Tampa, Florida 33602
Telephone: (813) 261-7800
Email: taidman@fordharrison.com

*Attorneys for Defendant*

*Valdivieso v. Cushman & Wakefield, Inc.*
Case No. 17-cv-00118-SDM-JSS
Joint Motion for Final Approval of Class Action Settlement

201 S Westland Ave.
Tampa, FL 33606
Main No.: 813-254-1777
chadjustice@blackrocklaw.com
prelitigation@blackrocklaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 30, 2018, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to the following service list:

Luis A. Cabassa, Esq.
Brandon J. Hill, Esq.
Wenzel Fenton Cabassa, P.A.
1110 N. Florida Ave., Suite 300
Tampa, FL  33602-3343

Chad A. Justice, Esq.
Black Rock Trial Lawyers
201 S. Westland Ave.
Tampa, FL  33606

/s/ Merry E. Lindberg
Merry E. Lindberg, Esq.
Florida Bar No. 308102