UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS A. VALDIVIESO,

    Plaintiff,

v.                                                           CASE NO. 8:17-cv-118-T-23JSS

CUSHMAN & WAKEFIELD INC.,

    Defendant.
_____/

## ORDER

Luis Valdivieso alleges (Doc. 14) that Cushman & Wakefield mailed notices to former employees that failed (1) to specify the day on which COBRA coverage would end and (2) to provide an address for the remittance of premiums. The parties twice mediated and on January 31, 2018, the mediator announced (Doc. 80) a settlement. On April 10, 2018, the parties moved (Doc. 88) for preliminary approval of a class settlement and for certification of a settlement-only class. A May 11, 2018 order (Doc. 89) preliminarily approves the settlement and certifies a settlement-only class that comprises:

> [a]ll persons who were sent a COBRA Notice or should have been sent a COBRA notice by or on behalf of C&W at any time from February 1, 2015 through December 31, 2016, excluding any individuals who timely file a valid written notice of intent to opt out of the Settlement.

In accord with the May 11 order, the settlement administrator mailed to each class member a notice of the proposed settlement. (Doc. 90 at 1-2) The parties

jointly move (Doc. 90) for final approval of the settlement, including approval of an attorney's fee, an incentive award, and the expense of settlement administration. At a November 19, 2018 fairness hearing, class counsel and defense counsel urged final approval, and no person at the hearing objected to the settlement.

## DISCUSSION

**Approval of the class settlement**

A class settlement commends approval if fair, adequate, and reasonable. *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). Also, the settlement must not result from collusion between the parties. *Bennett*, 737 F.2d at 986. Brett Preston, a certified mediator, facilitated the settlement (Doc. 80), and the record suggests no collusion between the parties.

Under the settlement, each class member will likely receive about $100. In an action over an allegedly defective COBRA notice, a plaintiff often receives a minimal sum. If the defect in a COBRA notice is merely "technical," a plaintiff might recover no damages. (Doc. 88 at 14, 15). Also, Cushman & Wakefield asserts as a defense that each class member received notice of both the termination date for COBRA coverage and the address to which a class member could remit a COBRA payment. Cushman & Wakefield's success on that defense would result in the class members' recovering no money. The product of more than eight months of discovery (including several depositions by the plaintiff's counsel), the settlement will avoid protracted litigation. And the parties agree that Cushman & Wakefield would likely

have appealed an adverse judgment. In this circumstance, the settlement appears to resolve this action fairly, adequately, and reasonably.

Finally, approval depends partly on the "substance and amount of [class] opposition to the settlement." *Bennett*, 737 F.2d at 986. No person objected in writing or objected at the fairness hearing, and only three of the 2351 class members "opted out" of the settlement.

**Attorney's Fee, Service Award, and Settlement Administration Expenses**

The parties request (Doc. 90 at 22) approval of an award to class counsel of $129,999.87, which is one-third of the common fund available to class members. *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991) ("[T]he percentage of the fund approach is the better reasoned [approach] in a common fund case. Henceforth in this circuit, attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class.") This amount is fair and reasonable in light of the results obtained by class counsel, the risks associated with this action, class counsel's ability and experience in class action litigation, and fee awards in comparable cases. Further, the parties request (Doc. 90 at 13-14) approval of a $10,000 incentive award to Valdivieso for serving as the class representative. Valdivieso actively participated in this action and during mediation, and the award is fair and reasonable. *Muranksy v. Godiva Chocolatier*, 905 F.3d 1200, 1219 (11th Cir. 2018) (upholding a $10,000 incentive

award to a class representative).  Finally, the parties request approval of a $21,324 payment to the settlement administrator, a sum which is fair and reasonable.

Because the settlement resolves the action fairly, reasonably, and adequately, the motion (Doc. 90) for final approval of the settlement is **GRANTED**, and the settlement (Doc. 88-1), the requested attorney's fee, the requested incentive award, and the requested settlement administration expenses are **APPROVED**.  The clerk is directed to close the case.  Jurisdiction is retained through **DECEMBER 6, 2019**, and only for the purpose of enforcing the settlement agreement.

ORDERED in Tampa, Florida, on December 7, 2018.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE